*Receipt # 114433*

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Jose O. Herrera

## DEFENDANTS

The Earthgrains Baking Companies, Inc.

**United States District Court**
**Southern District of Texas**
**FILED**

**NOV 21 2000**

Michael N. Milby
Clerk of Court

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Cameron**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Carlos E. Hernandez, Jr.
Garcia & Romero, L.L.P.
201 N. First Street
Harlingen, TX 78550   (956) 412-7055

ATTORNEYS (IF KNOWN)

Keith B. Sieczkowski
Matthews & Branscomb
802 N. Carancahua, Suite 1900
Corpus Christi, TX 78470-0700   (361) 888-9261

**B-00-179**

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. Section 1331; Federal Preemption under Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☒☒ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $** _____

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
Nov. 21, 2000

SIGNATURE OF ATTORNEY OF RECORD
*PG Tygod w/permission for Keith B Sieczkowski*

UNITED STATES DISTRICT COURT

United States District Court
Southern District of Texas
FILED

NOV 2 1 2000

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **JOSE O. HERRERA,** | § | |
| **Plaintiff** | § | |
| | § | **CIVIL ACTION NO. B - 0 0 - 1 7 9** |
| **vs.** | § | |
| | § | |
| **THE EARTHGRAINS COMPANY,** | § | |
| **Defendant** | § | |

## NOTICE OF REMOVAL

The Earthgrains Baking Companies, Inc. (incorrectly referred to as "The Earthgrains Company") Defendant in the above entitled cause, hereby removes this cause from County Court at Law Number 3 of Cameron County, Texas, Cause No. 2000-CCL-1029-C on the grounds of federal question jurisdiction, 28 U.S.C. § 1331, based on the following:

1.      On or about October 19, 2000, an action was filed in County Court at Law Number 3 of Cameron County, Texas, Cause No. 2000-CCL-1029-C, and styled *Jose O. Herrera v. The Earthgrains Company.* On October 23, 2000, a copy of Plaintiff's Original Petition was served upon Defendant, through its registered agent for service of process at 350 North St. Paul Street, Dallas, Texas 75201.

2.      The pending county court at law action alleges three causes of action:  wrongful discharge under the Texas Workers' Compensation Act, wrongful discharge under the Texas Commission on Human Rights Act, and intentional infliction of emotional distress based on his discharge. At all relevant times, Plaintiff was a member of a collective bargaining agreement (CBA) in effect between Defendant and the Union. The CBA governs the treatment of bargaining unit employees, including Plaintiff.  Specifically, the CBA governs the terms and conditions of

C0037165.WPD:

employment, discipline and discharge. Because Plaintiff was discharged under the terms of the CBA, Plaintiff's claim of intentional infliction of emotional distress is preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. As this cause is a civil action over which the United States Court has original jurisdiction pursuant to 28 U.S.C. § 1331, this action is removable to the district court of the United States under 28 U.S.C. § 1441(a).

3.      Defendant incorporates the following attachments as if fully set forth herein:

   (a) a copy of Plaintiff's Original Petition and Defendant's Original Answer;

   (b) all executed process in this case;

   (c) the state court docket sheet; and

   (d) list of counsel of record.

There have been no other pleadings filed in district court and no orders have been signed by the district court judge in this case.

4.      Defendant's Notice of Removal is timely filed within 30 days of receipt of Plaintiff's Original Petition from which jurisdiction may be ascertained.

5.      Today, Defendant is filing a copy of this notice of removal with the District Clerk, Cameron County, Texas, thereby effecting removal pursuant to 28 U.S.C. § 1446.

6.      In addition, Defendant requests that this Court exercise the authority given to it in 28 USC §1367(a) and exercise supplemental jurisdiction over Plaintiff's claims under the Texas Workers' Compensation Act and Texas Commission on Human Rights Act.

WHEREFORE, Defendant respectfully requests that the aforementioned action now pending in County Court at Law Number 3 in Cameron County, Texas, Cause No. 2000-CCL-1029-C, be removed therefrom to the United States District Court for the Southern District of Texas, McAllen Division.

DATED:  November 21, 2000

Respectfully submitted,

MATTHEWS & BRANSCOMB
A Professional Corporation
802 N. Carancahua, Suite 1900
Corpus Christi, Texas  78470-0700
Telephone: (361)888-9261
Facsimile:  (361)888-8504

_____
Keith B. Sieczkowski
TSB #18341650
Federal ID No. 17118
P. Garrett Triplett
TSB #00792879
Federal ID No. 23347

ATTORNEYS FOR DEFENDANTS
THE EARTHGRAINS COMPANY

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing **Notice of Removal** has been served on this 21st day of November, 2000, in accordance with *Fed. R. Civ. P.*

Carlos E. Hernandez
Garcia & Romero, L.L.P.
201 North First Street
Harlingen, Texas 78550

_____
Keith B. Sieczkowski

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **JOSE O. HERRERA,** | § | |
| **Plaintiff** | § | |
| | § | **B-00-179** |
| **vs.** | § | **CIVIL ACTION NO._____** |
| | § | |
| **THE EARTHGRAINS COMPANY,** | § | |
| **Defendant** | § | |

## INDEX OF MATTERS BEING FILED

Tab (A)    Pleadings (Plaintiff's Original Petition and Defendant's Original Answer)

Tab (B)    All executed process

Tab (C)    State district court docket sheet

Tab (D)    List of counsel of record

C0037165.WPD:



CAUSE NO. 2000-CCL - 1029-C

FILED FOR RECORD

AT _____ O'CLOCK _____ M

OCT 1 7 2000

JOE G. RIVERA
CAMERON COUNTY CLERK
By _____ Deputy

| | | |
|---|---|---|
| JOSE O. HERRERA,<br>    Plaintiff | § | COUNTY COURT AT LAW |
| vs. | §<br>§ | |
| | §<br>§ | NO. __3__ OF |
| THE EARTHGRAINS COMPANY,<br>    Defendant | §<br>§ | CAMERON COUNTY, TEXAS |

---

### PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jose O. Herrera, hereinafter referred to as Plaintiff, complaining of The Earthgrains Company, hereinafter called by name or as the Defendant corporation, and for such cause of action, would respectfully show unto the Court and the Jury, as follows:

I.

#### Discovery Level

1.1    Discovery in this litigation is intended to be conducted under Level 3, Texas Rule of Civil Procedure 190.

II.

#### Parties

2.1    Plaintiff, Jose O. Herrera, is an individual residing in Cameron County, Texas.

2.2    Defendant, The Earthgrains Company, is a corporation duly licensed to conduct business in the State of Texas and may be served with citation by serving its registered agent, C.T. Corporation System, 350 North St. Paul Street, Dallas, Texas 75201. Citation is requested via certified mail, return receipt requested.

III.

## Venue and Jurisdiction

3.1    Venue is proper in Cameron County, Texas in that the incident made the basis of this cause of action occurred in Cameron County, and the Plaintiff as well as the Defendant corporation reside in Cameron County, Texas.

IV.

## No Federal Claims Made

4.1    Plaintiff Jose O. Herrera hereby gives notice that the only causes of action he intends to litigation are those concerning rights afforded to him under the Texas Constitution, the Texas Labor Code – specifically Section 451 of the Labor Code, the Texas Commission on Human Rights Act, and the Common Law of the Sovereign State of Texas. The Plaintiff hereby affirmatively avers that he has not alleged any federal cause of action.

V.

## Factual Background

5.1    Plaintiff Jose O. Herrera accepted employment with Defendant corporation in approximately 1996. During his three and a half years of employment with Defendant corporation, the Plaintiff performed all the duties assigned to him with loyalty, dedication and hard work.

5.2    On or about August 10, 1998, while in the course and scope of his employment with Defendant corporation, the Plaintiff sustained an on-the-job injury in the form of a ruptured disc to his lower back area. Plaintiff Jose O. Herrera was eventually able to return to work with restrictions.

5.3    Thereafter, Plaintiff Jose O. Herrera took steps towards filing a Workers Compensation claim and he reported his injury to his employer and later sought medical treatment for such injury.  Due to the nature of his injuries, Defendant corporation notified its Workers Compensation insurance carrier to pay for Plaintiff Jose O. Herrera's medical expenses.

5.4    On or about July 30, 1999, Plaintiff Jose O. Herrera was wrongfully discharged by a management employee of Defendant corporation.   Plaintiff Jose O. Herrera asserts that the true reason for his termination was because he in "good faith" instituted a claim and took other protective steps under the Workers' Compensation Act. Additionally, Plaintiff Jose O. Herrera asserts that the was discriminated against in violation of the Texas Commission on Human Rights Act ("TCHR") in that he had suffered an on-the-job injury, was released with certain restrictions, and was disabled to some degree under the TCHR.

5.5    Plaintiff Jose O. Herrera alleges that there was no legitimate business justification for his termination in that the Plaintiff had always performed a satisfactory job for the Defendant corporation for the last three and a half years, and that there was work available which Plaintiff Jose O. Herrera could perform.  Plaintiff Jose O. Herrera further asserts and intends to prove that the mistreatment received by him was part of a pattern and practice engaged in by the Defendant corporation towards the Plaintiff and others similarly situated.

VI.

## Causes of Action - Retaliatory Discharge

**A.    Violations of Section 451.001 of the Texas Labor Code**

6.1    Plaintiff Jose O. Herrera accepted employment with the Defendant corporation, The Earthgrains Company.  During his three and a half years of employment, Plaintiff Jose O. Herrera performed all the duties assigned to him with loyalty, dedication, and hard work.

6.2    On or about August 10, 1998, while an employee of the Defendant corporation, Plaintiff Jose O. Herrera was injured in the course and scope of his employment.  As a result of his injury, the Plaintiff had initiated and thereafter filed a workers' compensation claim.  The Plaintiff further took other protective steps to obtain the benefits permitted under the Texas Workers' Compensation Act.  The Defendant corporation was at the time and continues to be a subscribing employer under the Texas Workers' Compensation Act.

6.3    On or about July 30, 1999, Plaintiff Jose O. Herrera was terminated due to the culmination of discriminatory conduct directed against him by the Defendant corporation.  The Defendant corporation wrongfully terminated the Plaintiff because he exercised his rights under the Texas Workers' Compensation Act.  The Plaintiff further alleges that his termination was part of a larger unwritten plan or scheme of the Defendant corporation to discriminate against injured employees of the Defendant corporation.

6.4    The Defendant corporation, its agents, servants, and employees discharged or in some other manner discriminated against Plaintiff Jose O. Herrera because he in "good faith" filed a claim or caused to be instituted in "good faith" a proceeding under the Texas Workers' Compensation Act.  The conduct of the Defendant corporation is in violation of the Workers' Compensation Retaliation Statute (previously Article 8307c, currently Texas Labor Code, Section 451.001 which states:

Section 451.001 Labor Code

A person may not *discharge* or in any manner *discriminate* against an employee because the employee has:

1.    Filed a workers' compensation claim in good faith;

2.    Hired a lawyer to represent the employee in the claim;

3.    Instituted or caused to be instituted in good faith a proceeding under subtitle A; or

4.    Testified or is about to testify in a proceeding under subtitle A.

(Vernon's 2000.)

6.5    As a result of this discriminatory treatment, Plaintiff Jose O. Herrera's ultimate termination, and the acts described herein, the Plaintiff has suffered damages as further alleged in this Petition.

## B.    Violations of the Texas Commission on Human Rights Act

6.6    Plaintiff Jose O. Herrerra realleges the allegations contained in Section V, entitled *Factual Background*.

6.7    On or about August 10, 1998, Plaintiff Jose O. Herrera suffered an on-the-job injury in the form of a lower back injury and was released to light duty work. As a result of his injury, the Plaintiff suffered a "disability" in that his lower back impairment substantially limited at least one major life activity.

6.8    On or about July 30, 1999, Plaintiff Jose O. Herrera was terminated and/or constructively discharged due to the culmination of discriminatory conduct directed against him by the Defendant corporation. The Defendant corporation wrongfully terminated the Plaintiff because he exercised his statutory rights under Section 21.051 and Section 21.055 of the Texas Labor Code (Texas Commission on Human Rights Act). The Plaintiff alleges that his termination was part of a larger unwritten plan or scheme of the Defendant corporation to discriminate against injured employees.

6.9    The Defendant corporation, its agents, servants, and employees discharged or in some other manner discriminated against Plaintiff Jose O. Herrera because of his disability.

Section 21.051 Discrimination by Employer

An employer commits an unlawful employment practice if because of race, color, *disability*, religion, sex, national origin, or age, the employer:

1.  Fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against the individual in connection with compensation or the terms, conditions, or privileges of employment; or

2.  Limits, segregates or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of the employer.

(Vernon's 2000.)

Section 21.055, Retaliation

An employer, labor union or employment agency commits an unlawful employment practice if the employer, labor union or employment agency *retaliates* or *discriminates* against a person who, under this Chapter:

1.  Opposes discriminatory practice;

2.  Makes or files a charge;

3.  Files a complaint; or

4.  Testifies, assists or participates in any manner an investigation, proceeding or hearing.

6.10    The Defendant corporation, its agents, servants and employees discharged or in some other manner, discriminated against Plaintiff Jose O. Herrera because he filed a workers' compensation claim.

6.11    As a result of the discriminatory treatment, his ultimate termination and the acts described herein, Plaintiff Jose O. Herrera has suffered damages as further alleged in this Petition.

<u>PLAINTIFF'S ORIGINAL PETITION - PAGE 6</u>

## C.    Intentional Infliction of Emotional Distress

6.12    Plaintiff Jose O. Herrera alleges that the Defendant corporation's actions, which constitute extreme and outrageous conduct, were committed intentionally and/or recklessly and their purpose was to cause the infliction of emotional distress of a severe nature to the Plaintiff.  The Defendant corporation's actions caused the Plaintiff mental as well as physical pain.  As a result of the Defendant corporation's actions, the Plaintiff has suffered damages in an amount which exceeds the minimum jurisdictional requirements of this Court.  Plaintiff Jose O. Herrera sues the Defendant corporation as a result of such actions.

### VII.

### Actual Damages

7.1    As a result of the incident made the basis of this suit, Plaintiff Jose O. Herrera has incurred damages in the following respects:

## A.    Lost Earnings and Special Damages

7.2    At the time of the incident complained of, Plaintiff Jose O. Herrera was gainfully employed.  As a proximate result of the wrongful acts of the Defendant corporation, the Plaintiff was unable to attend to his occupation and thereby suffered a loss of income for which he hereby sues.  As a result of the wrongful acts of the Defendant corporation, the Plaintiff's earnings, retirement, and capacity to earn a livelihood were severely impaired.  In all reasonable probability, the Plaintiff's loss of earnings and loss of earning capacity will continue long into the future, if not for the balance of the Plaintiff's natural life.  Plaintiff Jose O. Herrera therefore sues for any lost earnings in the form of back pay, lost wages, front pay, retirement benefits, health coverage, fringe benefits, lost future earnings and/or diminished earning capacity to the extent permitted by law, due to the acts complained of above.

**B.     Past and Future Mental Anguish**

7.3     As a result of the incident described above, that is made the basis of this suit, Plaintiff Jose O. Herrera has suffered physical as well as severe mental pain and anguish. The Plaintiff has suffered feelings of anxiety, worthlessness, embarassment, and inferiority. The Plaintiff has further suffered effects including but not limited to sleeplessness and loss of self-esteem due to his termination.  In all reasonable probability, the Plaintiff will continue to suffer such severe mental and physical pain and anguish for a long time into the future, if not for the balance of his natural life.

## VIII.

## Exemplary Damages

8.1     The conduct of the Defendant corporation, as set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the Plaintiff.  Because of the spite, ill-will and malicious and fraudulent intent held by the Defendant corporation's management toward the Plaintiff, such a management, acting in a willful and intentional manner, committed certain acts calculated to cause injury and/or damage to the Plaintiff.  Accordingly, the Defendant corporation acted with malice, actual malice and/or a specific intent to injure the Plaintiff.  The Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendant corporation and its management in the future. Accordingly, Plaintiff Jose O. Herrera requests that punitive damages be awarded against the Defendant corporation as a result of its violations of the law.

WHEREFORE, Plaintiff Jose O. Herrera prays that this Honorable Court grant the following:

(1)     Judgment against the Defendant, The Earthgrains Company, for the Plaintiff's actual damages;

(2)     Punitive damages;

(3)     Attorney's fees;

(4)     Pre-judgment interest allowed by law;

(5)     Interest on said judgment at the legal rate from the date of judgment;

(6)     For costs of suit herein;

(7)     For such other and further relief at law or in equity to which the Plaintiff may show himself justly entitled to receive.

Signed October 16, 2000.

Respectfully submitted,

GARCIA & ROMERO, L.L.P.
201 North First Street
Harlingen, Texas 78550
Telephone: (956) 412-7055
Facsimile: (956) 412-7105

By:_____
         Carlos E. Hernandez, Jr.
         State Bar No. 00787681

         Attorneys for Plaintiff
         Jose O. Herrera

PLAINTIFF'S ORIGINAL PETITION - PAGE 9

CERTIFIED MAIL

U.S. POSTAGE

7099 3220 0005 8794 5684



IMPORTANT
This Envelope Contains Papers From The Office Of The
County Clerk That Are Of Great Value To The Addressee
If You Choose That It Gets To The Proper Person.
Your Duty Is To Serve Your...
AFTER FIVE DAYS RETURN TO

JOE G. RIVERA
COUNTY CLERK, CAMERON COUNTY
P. O. BOX 2178
BROWNSVILLE, TEXAS 78522-2178

THE EARTHGRAINS COMPANY
REGISTERED AGENT: C.T. CORPORATION
SYSTEM
350 NORTH ST. PAUL STREET
DALLAS, TEXAS 75201

7520174264 03

# Rtn. Receipt Requested



## CAUSE NO. 2000-CCL-1029-C

| | | |
|---|---|---|
| JOSE O. HERRERA, | § | COUNTY COURT AT LAW |
|     Plaintiff | § | |
| | § | |
| vs. | § | NUMBER 3 |
| | § | |
| THE EARTHGRAINS COMPANY, | § | |
|     Defendant | § | CAMERON COUNTY, TEXAS |

### DEFENDANT'S ORIGINAL ANSWER AND SPECIAL EXCEPTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Earthgrains Baking Companies, Inc. Defendant in the above-styled and numbered cause, and files its Special Exceptions and Answer in response to Plaintiff's Original Petition on file herein and for such answer would respectfully show the Court as follows:

### I. SPECIAL EXCEPTIONS

Defendant specially excepts to Sections 6.8 and 6.9 of Plaintiff's Original Petition, wherein Plaintiff claims that he exercised his statutory rights under the Texas Commission on Human Rights Act, because Plaintiff fails to plead any facts alleging that he took any protected action prior to his discharge, thus causation is absent. Defendant further excepts because Plaintiff has failed to allege any facts from which it can be determined that this court has jurisdiction under the Texas Commission on Human Rights Act as there are no facts alleged to show that he has met the jurisdictional prerequisites to filing suit.

### II. GENERAL DENIAL

Pursuant to *Texas Rules of Civil Procedure 92*, Defendant denies each and every, all and singular, the allegations contained in said Plaintiff's Original Petition and demands strict proof thereof.

C0037105.WPD:2

## III.  AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to Plaintiff's claims:

Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies.

Plaintiff's claim of retaliation based on his allegedly taking good faith steps towards making a claim for workers' compensation benefits is barred by the exclusivity of the Texas Commission on Human Rights Act.

Plaintiff has failed to establish that any he requested any accommodations for any alleged disability, and that any requested accommodations were reasonable.

Plaintiff's damages, if any, must be denied or reduced for failing to mitigate.

Plaintiff's damages, if any, must be denied or reduced for any amounts received through other employment or compensation.

Plaintiff's damages, if any, are barred, in whole or in part, for any time that he was not qualified or able to work.

Plaintiff's damages, if any, are barred, in whole or in part, to the extent that they were caused by an independent source.

Plaintiff's claim for intentional infliction of emotional distress is preempted by § 301 of the Labor Management Relations Act.

WHEREFORE PREMISES CONSIDERED, Defendant prays that Plaintiff takes nothing and that Defendant recovers its costs herein expended.

Respectfully submitted,

MATTHEWS & BRANSCOMB
A Professional Corporation
802 N. Carancahua, Suite 1900
Corpus Christi, Texas 78470-0700
Telephone: (361) 888-9261
Facsimile: (361) 888-8504

By _____
Keith B. Sieczkowski
TSB #18341650
P. Garrett Triplett
TSB #00792879

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing has been served by United States Certified Mail, Return Receipt Requested on the following counsel in charge on this 10th day of November, 2000, in accordance with *Tex. R. Civ. P.*

Carlos E. Hernandez                              **CERTIFIED MAIL # Z 355 404 668**
Garcia & Romero, L.L.P.                          **RETURN RECEIPT REQUESTED**
201 North First Street
Harlingen, Texas 78550


_____
P. Garrett Triplett



Citation for Personal Service  - BY CERTIFIED MAIL     Lit. Seq. # 5.002.01

No. 2000-CCL-01029-C

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: THE EARTHGRAINS COMPANY
    REGISTERED AGENT: C.T. CORPORATION SYSTEM
    350 NORTH ST. PAUL STREET
    DALLAS, TEXAS 75201

the        DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the Plaintiff's ORIGINAL PETITION

at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable County Court At Law No. 3 of Cameron County at the Court House of said county in Brownsville, Texas.

Said Plaintiff's Petition was filed in said court, by CARLOS E. HERNANDEZ, JR.        (Attorney for Plaintiff or Plaintiff), whose address is 6521 N. 10TH, SUITE C. MCALLEN, TEXAS  78504 on the 17th day of OCTOBER , A.D. 2000, in this case numbered 2000-CCL-01029-C on the docket of said court, and styled,

JOSE O. HERRERA
vs.
THE EARTHGRAINS COMPANY

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's        ORIGINAL PETITION
accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 19th day of OCTOBER , A.D. 2000.

JOE G. RIVERA        , County Clerk
Cameron County
974 E. Harrison St.
(P.O. Box 2178)
Brownsville, Texas 78522-2178

By                            , Deputy
   AZALEA N. STEVENS

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the 19th of OCTOBER , 2000, I mailed to

THE EARTHGRAINS COMPANY

by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO.   0587945684
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

JOE G. RIVERA        , County Clerk
Cameron County, Texas

By                            , Deputy
   AZALEA N. STEVENS

ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE
(Rule 106.(a)(2)): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.
(Sec. 17.27, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

NAME OF PREPARER            TITLE

ADDRESS

CITY        STATE        ZIP

COPY


CT System

# RECEIVED

## OCT 2 5 2000

## LEGAL DEPARTMENT

**TO:** JOSEPH NOELKER General Counsel
THE EARTHGRAINS COMPANY
8400 MARYLAND
ST. LOUIS, MO 63105

**Service of Process Transmittal Form**

**Dallas, Texas**

10/23/2000

**Via Federal Express (2nd Day)**

**RE:** **PROCESS SERVED IN TEXAS**

**FOR** THE EARTHGRAINS COMPANY Domestic State: De

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **1. TITLE OF ACTION:** | Jose O Herrera vs The Earthgrains Company |
| **2. DOCUMENT(S) SERVED:** | Citation, Plaintiff's Original Petition |
| **3. COURT:** | CCCL No. 3, Cameron County, Texas<br>Case Number 2000CCL1029C |
| **4. NATURE OF ACTION:** | Alleging personal injuries and/or damages sustained while on the job and wrongful termination, etc. |
| **5. ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Dallas, Texas |
| **6. DATE AND HOUR OF SERVICE:** | By Certified mail on 10/23/2000 with Postmarked Date 10/19/2000 |
| **7. APPEARANCE OR ANSWER DUE:** | 10:00 a.m. Monday next after the expiration of 20 days |
| **8. ATTORNEY(S):** | Carlos E Hernandez, Jr.<br>Garcia & Romero, LLP<br>201 North First Street<br>Harlingen, Tx 78550 |

**9. REMARKS:**

| | |
|---|---|
| **SIGNED** | CT Corporation System |
| **PER** | Beatrice Casarez |
| **ADDRESS** | 350 North St. Paul Street<br>Dallas, TX 75201<br>SOP WS 0003258009 |

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

```
RUN DATE 11/16/00                                                        PAGE: 01
RUN TIME  9:24 AM                                                        2000-CCL-01029-C


                        *   *   *   C L E R K ' S   E N T R I E S   *   *   *


JOSE O. HERRERA                    (00510401) CARLOS E. HERNANDEZ, JR.        (03)

        VS                                              SUIT ON DAMAGES (PERSONAL)

THE EARTHGRAINS COMPANY           (00527701) KEITH B. SIECZKOWSKI


                                                         10                  17        00


                                  10/13/00 DEFENDANT'S ORIGINAL ANSWER AND
                                           SPECIAL EXCEPTIONS            MLG
                                  10/17/00 ORIGINAL PETITION FILED
                                  10/19/00 CITATION (CM): THE EARTHGRAINS COMPANY
                                  10/19/00 CITATION (CM): THE EARTHGRAINS COMPANY
                                           SERVED: 10/23/00         FILED: 10/26/00
```

# COUNSEL OF RECORD

ATTORNEYS FOR DEFENDANTS
THE EARTHGRAINS COMPANY

**KEITH B. SIECZKOWSKI**
**Attorney-in-Charge**
**State Bar No. 18341650**
**Federal ID No. 17118**

**and**

**P. GARRETT TRIPLETT**
**State Bar No. 00792879**
**Federal ID No. 23347**

**OF COUNSEL:**
MATTHEWS & BRANSCOMB
A Professional Corporation
802 North Carancahua, Suite 1900
Corpus Christi, TX 78470-0700
Telephone: (361)888-9261
Facsimile: (361)888-8504


ATTORNEY FOR PLAINTIFF
JOSE O. HERRERA

**CARLOS E. HERNANDEZ**
**Attorney-in-Charge**
**State Bar No.  00787681**

**OF COUNSEL:**
Garcia & Romero, L.L.P.
201 North First Street
Harlingen, Texas 78550
Telephone: (956) 412-7055
Facsimile:  (956) 412-7105

C0037165.WPD: