3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 4 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE O. HERRERA, | § | |
|    Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-00-179 |
| | § | |
| THE EARTHGRAINS COMPANY, | § | |
|    Defendant | § | |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Earthgrains Baking Companies, Inc., incorrectly referred to as "The Earthgrains Company") files this Answer in response to Plaintiff's Original Petition[1] on file herein and respectfully shows the Court as follows:

### I. Rule 12(b) Defenses

1. Plaintiff's claim based on alleged intentional infliction of emotional distress is preempted by LMRA §301. Further, Plaintiff's claim is not timely brought within 6 months of the alleged act as required to establish jurisdiction under the LMRA. Consequently, Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has failed to alleged facts which, even if true, rise to the level of intentional infliction of emotional distress. Specifically, Plaintiff has failed to allege facts that establish that any action taken against him by Defendant was extreme and outrageous, or that he suffered severe emotional distress. As such, Plaintiff has failed to state a claim for which relief can be granted.

---

[1] Plaintiff has not filed a Federal Complaint, but rather, filed an Original Petition in State Court, which Defendant has now removed to this Court.

C0037427.WPD:

## II. Responses to Specific Allegations

Subject to its Rule 12(b) defenses, Defendant responds as follows:

1. Defendant states that it lacks sufficient knowledge to admit or deny the allegations contained in ¶ 1.1 of Plaintiff's Original Petition regarding Plaintiff's intent regarding disposition of discovery.

2. Defendant admits that the plaintiff in this matter is Jose O. Herrera, as alleged in ¶ 2.1 of Plaintiff's Original Petition, but states that it lacks sufficient knowledge to admit or deny the current residence of Plaintiff.

3. With respect to the allegations in ¶ 2.2 of Plaintiff's Original Petition, Defendant admits that it is a corporation duly licensed to conduct business in the State of Texas and may be served with citation by serving its registered agent, C.T. Corporation System, 350 North St. Paul Street, Dallas, Texas 75201. All other allegations in ¶ 2.2 of Plaintiff's Original Petition which are not specifically admitted are denied.

4. With respect to the allegations in ¶ 3.1 of Plaintiff's Original Petition, Defendant admits that venue is proper in Cameron County, Texas. All other allegations in ¶ 3.1 of Plaintiff's Original Petition which are not specifically admitted are denied.

5. With respect to the allegations in ¶ 4.1 of Plaintiff's Original Petition, Defendant admits that Plaintiff attempts to allege causes of action under the Texas Labor Code and the Texas Commission on Human Rights Act. Defendant denies that Plaintiff has not alleged a cause of action under federal law and further asserts that Plaintiff has done so and that federal jurisdiction exists in this matter. All other allegations in ¶ 4.1 of Plaintiff's Original Petition which are not specifically admitted are denied.

6. With respect to the allegations in ¶ 5.1 of Plaintiff's Original Petition, Defendant admits that Plaintiff was employed by Defendant for approximately 3 years. Defendant denies that Plaintiff was able to perform all duties assigned. All other allegations in ¶ 5.1 of Plaintiff's Original Petition which are not specifically admitted are denied.

7. With respect to the allegations in ¶ 5.2 of Plaintiff's Original Petition, Defendant admits that on or about August 10, 1998, while in the course and scope of his employment with Defendant corporation, Plaintiff sustained an on-the-job injury. Defendant also admits that Plaintiff was allowed to return to employment with restrictions. Defendant specifically denies that Plaintiff was able to return to "his" work or that his restrictions allowed him to perform the essential functions of his job. All other allegations in ¶ 5.2 of Plaintiff's Original Petition which are not specifically admitted are denied.

8. With respect to the allegations in ¶ 5.3 of Plaintiff's Original Petition, Defendant admits that after his work-place injury, Plaintiff took steps towards filing a Workers' Compensation claim and he reported his injury to his employer and later sought medical treatment for such injury. Defendant admits it notified its Workers' Compensation insurance carrier of the claim. Defendant can neither admit nor deny the allegation regarding "thereafter" as it cannot discern its meaning or intent as pertains to these pleadings. All other allegations in ¶ 5.3 of Plaintiff's Original Petition which are not specifically admitted are denied.

9. With respect to the allegations in ¶ 5.4 of Plaintiff's Original Petition, Defendant admits that on or about July 30, 1999, Plaintiff was lawfully separated from employment. All other allegations in ¶ 5.4 of Plaintiff's Original Petition which are not specifically admitted are denied.

10. With respect to the allegations in ¶ 5.5 of Plaintiff's Original Petition, Defendant admits that Plaintiff makes allegations of wrongful termination. Defendant, however, denies that

any such wrongful termination occurred and further denies the factual allegations contained in ¶ 5.5. All other allegations in ¶ 5.5 of Plaintiff's Original Petition which are not specifically admitted are denied.

11. With respect to the allegations in ¶ 6.1 of Plaintiff's Original Petition, Defendant admits that Plaintiff was employed by Defendant for approximately 3 years. Defendant denies that Plaintiff was able to perform all duties assigned. All other allegations in ¶6.1 of Plaintiff's Original Petition which are not specifically admitted are denied.

12. With respect to the allegations in ¶ 6.2 of Plaintiff's Original Petition, Defendant can neither admit nor deny that Plaintiff took other protected steps to obtain the benefits under the Texas Workers' Compensation Act, or to what benefits he refers. Defendant denies that Plaintiff had any need to protect his benefits, if any. Defendant admits the remainder of ¶6.2 of Plaintiff's Original Petition.

13. With respect to the allegations in ¶ 6.3 of Plaintiff's Original Petition, Defendant admits that on or about July 30, 1999, Plaintiff was lawfully separated from employment. All other allegations in ¶ 6.3 of Plaintiff's Original Petition which are not specifically admitted are denied.

14. With respect to the allegations in ¶ 6.4 of Plaintiff's Original Petition, Defendant admits that the Texas Labor Code prohibits a person from discrimination or discharging an employee because the employee has either (1) filed a workers' compensation claim in good faith, (2) hired a lawyer to represent the employee in such claim, (3) instituted or caused to be instituted a good faith proceeding under Subtitle A (of the Texas Workers' Compensation Act), or (4) testified or is about to testify in any such proceeding. Defendant specifically denies that the statute applies to any of its conduct or that it wrongfully discharged or discriminated against Plaintiff in any way. All other allegations in ¶ 6.4 of Plaintiff's Original Petition which are not specifically admitted are denied.

specifically admitted are denied.

25. Defendant denies the allegations contained in ¶ 7.3 of Plaintiff's Original Petition.

26. Defendant denies the allegations contained in ¶ 8.1 of Plaintiff's Original Petition.

27. Defendant denies that Plaintiff is entitled to or should recover the prayed for relief in Plaintiff's Original Petition, or that he is entitled to any damages whatsoever, at law or in equity.

## II. Affirmative Defenses

Defendant asserts the following affirmative defenses to Plaintiff's claims:

1. Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies.

2. Plaintiff's damages, if any, must be denied or reduced for failing to mitigate.

3. Plaintiff's damages, if any, must be denied or reduced for any amounts received through another employment, compensation, benefit or other source of income.

4. Plaintiff's damages, if any, are barred, in whole or in part, for any time that he was not qualified or able to work.

5. Plaintiff's damages, if any, are barred, in whole or in part, to the extent that they were caused by an independent source.

6. Plaintiff's claims are preempted, in whole or in part, by § 301 of the Labor Management Relations Act.

# PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing and that Defendant recovers its costs herein expended.

Respectfully submitted,

MATTHEWS & BRANSCOMB
A Professional Corporation
802 N. Carancahua, Suite 1900
Corpus Christi, Texas 78470-0700
Telephone: (361) 888-9261
Facsimile: (361) 888-8504

By _/s/ PG Triplett_
Keith B. Sieczkowski
TSB No. 18341650
Fed. I.D. No. 17118
P. Garrett Triplett
TSB No. 00792879
Fed. I.D. No. 23347
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing has been served by United States Certified Mail, Return Receipt Requested on the following counsel in charge on this _1st_ day of _December_, 2000.

| | |
|---|---|
| Carlos E. Hernandez, Jr. | **CERTIFIED MAIL #7099 3220 0004 6531 3345** |
| Garcia & Romero, L.L.P. | **RETURN RECEIPT REQUESTED** |
| 201 North First Street | |
| Harlingen, Texas 78550 | |

_/s/ PG Triplett_
P. Garrett Triplett