7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 4 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE O. HERRERA, | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-00-179 |
| | § | |
| THE EARTHGRAINS COMPANY, | § | |
| Defendant | § | |

### DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW The Earthgrains Company ("Earthgrains"), Defendant in the above-styled and numbered cause, and files its Motion for More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure and would respectfully show the Court as follows:

### I. INTRODUCTION

Plaintiff, Jose Herrera ("Herrera") sued Defendant in Texas State district court for retaliatory discharge, disability discrimination, and intentional infliction of emotional distress. Earthgrains removed the case to federal district court on the based on federal question jurisdiction. Herrera's claims, however, are devoid of any factual allegations to support the claims asserted.

### II. DISCUSSION

Pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, it has been consistently held that it is not enough simply to allege that a wrong has been committed and demand relief. See *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982); *Hanson v. Town of Flower Mound*, 679 F.2d 497, 504 (5th Cir. 1982). Instead, pleadings must provide the defendant with fair notice of the claim being asserted and

must include the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); see also *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). A complaint that only contains allegations that a wrong occurred and does not plead any facts giving rise to injury, does not provide adequate notice. *Walker*, 904 F.2d at 277 (5th Cir. 1990). Thus, "To state a claim, <u>a pleader must allege facts</u>, not legal conclusions." *Hanson*, 679 F.2d 497 at 504 (emphasis added). Moreover, to meet the pleading requirement a complaint must allege material facts with sufficient particularity so that, if proved, granting the relief sought would be warranted. *Johnson v. Wells*, 566 F.2d 1016, 1017 (5th Cir. 1978).

Material facts are those facts that will affect the outcome of the lawsuit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Meyers v. M/V Eugenio C*, 919 F.2d 1070, 1072 (5th Cir. 1990). <u>Complaints that fail to allege the material facts to support a claim must be amended or be dismissed</u>. For example, in *Arsenaux v. Roberts*, 726 F.2d 1022 (5th Cir. 1982), the plaintiff alleged that a state trial judge and his ex-wife's attorney had conspired to decide the suit in favor of his ex-wife in advance of trial based on allegations of trial errors, ex parte amendment of the complaint after improper communications, and the assessment of court costs. *Arsenaux*, 726 F.2d 1022 at 1024. No facts to establish the elements of the conspiracy claim were plead. *Id.* at 1024. The Fifth Circuit upheld the district court's dismissal of the complaint noting that the plaintiff was given an opportunity to amend his complaint to plead the material facts. As explained by the Court of Appeals, "Mere conclusory allegations of conspiracy cannot, absent reference to <u>material facts</u>, survive a motion to dismiss." *Id.* (emphasis added).

In the present case, Plaintiff's Original Petition is so vague and ambiguous that Defendant is not aware of the material facts supporting the claims and thus Defendant is denied fair notice of the claims being asserted and the grounds upon which they rest. *See Walker*, 904 F.2d at 277; *Beanal*, 197 F.3d at 164. As outlined below, the following allegations fail to provide material facts and therefore must be replead to assert the facts upon which the claims rest.

    a.    In Paragraph 5.2 of Plaintiff's Original Petition it is alleged that he was "eventually able to return to work." The allegations fail to state when he was released by his physician to return to work, if ever, or if there were any limitations to returning. In light of Plaintiff's allegation that he is "disabled" the allegations are ambiguous and conflicting. Consequently, Earthgrains is not placed on notice on the basis of the claims against it. *Walker*, 904 F.2d at 277; *Beanal*, 197 F.3d at 164.

    b.    The use of the term "Thereafter" in Paragraph 5.3 provides no indication of the time at which Plaintiff filed a Workers' Compensation claim. It is essential for Plaintiff to allege with clarity when his workers' compensation claim was filed since a charge of workers' compensation retaliation will only stand if the claim was filed prior to the alleged discharge. *Pope v. MCI Telecomm. Corp.*, 937 F.2d 258, 265 (5th Cir. 1991).

    c.    Plaintiff asserts that he was "released with certain restrictions" in Paragraph 5.4 of his Original Petition but does not elaborate on what restrictions were imposed upon him. The factual basis of the restrictions are material to establish, through pleadings or otherwise, whether Plaintiff was disabled and whether he was substantially limited in a major life activity under the Texas Commission on Human Rights Act

(TCHRA). *Leatherwood v. Houston Post Co.*, 59 F.3d 533, 536 (5th Cir. 1995); §21.002 Tex. Labor Code.

d. In Paragraph 5.5 of Plaintiff's Original Petition, Plaintiff alleges that the mistreatment of Plaintiff is a "pattern and practice" of the Earthgrains. However, Plaintiff fails to allege any facts relevant to his case or others to support this contention. Therefore Defendant is not placed on notice of the factual basis for his claim. *Walker*, 904 F.2d at 277; *Beanal*, 197 F.3d at 164.

e. Plaintiff alleges that he was terminated due to the "culmination of discriminatory conduct directed against him by the Defendant corporation" in Paragraph 6.3 of his Original Petition. Again, Plaintiff fails to assert any factual basis for his claim that discriminatory conduct occurred. Earthgrains is unable to investigate Plaintiff's claims without knowing the types and dates of conduct Plaintiff alleges were discriminatory. *Walker*, 904 F.2d at 277; *Beanal*, 197 F.3d at 164.

f. According to Paragraph 6.4 of Plaintiff's Original Petition, Earthgrains "discharged or in some other manner discriminated against Plaintiff." This is inadequate notice of what actions were supposedly taken against Plaintiff by Earthgrains in violation of the Workers' Compensation Retaliation Statute, Section 451.001 et. seq. of the Texas Labor Code. *Walker*, 904 F.2d at 277; *Beanal*, 197 F.3d at 164.

g. In Paragraph 6.5 of his Original Petition, Plaintiff claims that he has suffered damages as a result of "discriminatory treatment" and "the acts described herein." Plaintiff has not alleged any facts that show any type of discriminatory treatment. Further, the only "act" that Plaintiff alleges is that he was discharged. There are no

factual allegations of discriminatory treatment unless Plaintiff is referring to his separation from employment. Unfortunately, the pleadings do not disclose the nature of his claim. *Walker*, 904 F.2d at 277; *Beanal*, 197 F.3d at 164.

h. Plaintiff alleges that his back injury is a "disability" because it substantially limits "at least one major life activity." However, Plaintiff's pleadings, particularly Paragraph 6.7, do not identify any life activity affected by his injury nor does he indicate any substantially limit in condition. Resultantly, Earthgrains cannot identify the nature of Plaintiff's claims. *Walker*, 904 F.2d at 277; *Beanal*, 197 F.3d at 164.

i. Paragraph 6.8 of Plaintiff's Original Petition claims that Earthgrains terminated Plaintiff because Plaintiff "exercised his statutory rights under Sections 21.051 and 21.055 of the Texas Labor Code." There are no statutory rights granted to employees under these sections of the labor code. Plaintiff further alleges that his termination was part of a "larger unwritten plan or scheme" but fails to allege any facts to substantiate such a claim. *Walker*, 904 F.2d at 277; *Beanal*, 197 F.3d at 164.

j. Although Plaintiff alleges that his termination was discriminatory, he also states that Earthgrains "in some other manner discriminated against Plaintiff." This is a nebulous phrase and abstract. Earthgrains is only left to guess what other discrimination it might be accused of later in the proceedings. *Walker*, 904 F.2d at 277; *Beanal*, 197 F.3d at 164.

k. In Paragraph 6.10 of Plaintiff's Original Petition, under the heading "Violations of the Texas Commission on Human Rights Act," Plaintiff accuses Earthgrains of discharging Plaintiff because he filed a workers' compensation claim. Workers'

compensation retaliation is not a cause of action that is actionable or redressable under the TCHRA. See §21.001 et. seq. Tex. Labor Code.

l.  In Paragraph 6.11 of his Original Petition, Plaintiff asserts that he is entitled to relief because of the "discriminatory treatment" he has suffered. Yet he has provided no facts to suggest any type of conduct that might be considered discriminatory in his petition. *Walker*, 904 F.2d at 277; *Beanal*, 197 F.3d at 164.

m.  In Paragraph 6.12 of Plaintiff's Original Petition, Plaintiff asserts that he is entitled to damages for intentional infliction of emotional distress. However, he has not alleged any facts that constitute extreme and outrageous conduct nor has he alleged a factual basis for his claim of severe emotional distress, both of which are necessary and material elements of an intentional infliction of emotional distress cause of action. *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993).

### III. CONCLUSION

Plaintiff's complaint is so vague and ambiguous that Earthgrains is not aware of the material facts of Plaintiff's case. The Court should require Plaintiff to amend his complaint with a more definite statement of the suit.

WHEREFORE, PREMISES CONSIDERED, Eathgrains prays that this Court grant its Motion for More Definite Statement pursuant to Rule 12(e), Fed. R. Civ. P. and order Plaintiff to replead his complaint consistent with the Court's ruling.

Respectfully submitted,

MATTHEWS & BRANSCOMB
A Professional Corporation
802 N. Carancahua, Suite 1900
Corpus Christi, Texas 78470-0700
Telephone: (361) 888-9261
Facsimile: (361) 888-8504

By _____
Keith B. Sieczkowski
TSB #18341650
P. Garrett Triplett
TSB #00792879

ATTORNEYS FOR DEFENDANT

### CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing has been served by United States Certified Mail, Return Receipt Requested on the following counsel in charge on this _12_ day of February, 2001, in accordance with *Fed. R. Civ. P.*

| | |
|---|---|
| Carlos E. Hernandez | C. M. No. 7099 3220 0004 6531 3505 |
| Garcia & Romero, L.L.P. | RETURN RECEIPT REQUESTED |
| 201 North First Street | |
| Harlingen, Texas 78550 | |

_____
Keith B. Sieczkowski