9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
APR 0 5 2001
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| Jose O. Herrera, | § |
| Plaintiff, | § § § |
| v. | §  CIVIL ACTION NO. B-00-179 |
| The Earthgrain Company, | § § § |
| Defendant. | § § |

## ORDER

BE IT REMEMBERED that on April 3, 2001, the Court considered the Defendant's Motion for More Definite Statement [Dkt. No. 7]. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Defendant's motion.

### I.  Introduction

The Plaintiff, Jose O. Herrera, originally filed this action in state court against the Defendant, The Earthgrain Company, for retaliatory discharge, violations of the Texas Commission on Human Rights Act ("TCHRA"), and intentional infliction of emotional distress [Dkt. No. 1, Exh. A]. The Plaintiff bases these claims on the allegation that he was unlawfully discharged by the Defendant after he filed a workers' compensation claim for an on-the-job injury [Id. at ¶¶ 5.2-5.4]. The Defendant removed this action, asserting that the relationship between it and the Plaintiff was governed by a collective bargaining agreement. As such, the Defendant contended that the Plaintiff's claim of intentional infliction of emotional distress is preempted by the Labor Management Relations Act [Dkt. No. 1, ¶ 2], and that this Court has jurisdiction over it and the other causes of action pursuant to supplemental jurisdiction [Dkt. No. 1, ¶ 6].

In the instant motion [Dkt. No. 7], the Defendant claims that the Plaintiff's petition is defective in that it fails to allege any factual assertions to support the claims asserted therein.

## II. <u>The Law</u>

Rule 8(a) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim showing that the plaintiff is entitled to relief. <u>See</u> <u>Beanal v. Freeport-McMoran, Inc.</u>, 197 F.3d 161, 164 (5th Cir. 1999). Pursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to (1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist. <u>See</u> <u>id.</u>, citing <u>General Star Indemnity, Co. v. Vesta Fire Ins., Corp.</u>, 173 F.3d 946, 950. (5th Cir.1999). A complaint which contains a "bare bones" allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury does not provide adequate notice. <u>See</u> <u>id.</u>, citing <u>Walker v. South Cent. Bell Tel. Co.</u>, 904 F.2d, 275, 277 (5th Cir.1990). Pleadings must be construed so as to do substantial justice. <u>See</u> <u>id.</u>

## III. <u>The Plaintiff fails to give notice of the circumstances surrounding his allegation that he was discriminated against on account of his disability</u>

The Plaintiff fails to provide notice of the circumstances which give rise to his retaliatory discharge and TCHRA claims. The Plaintiff sufficiently asserts that these claims are based on the allegations that he was discharged after he filed a workers' compensation claim for an on-the-job injury. However, this is the only factual support on which the Plaintiff bases his claims.

The Plaintiff goes on to allege that he was "disabled to some degree" and that he was able to return to work "with restrictions" [Dkt. No. 1, Exh. A, ¶¶ 5.2 and 5.4]. From these allegations, the Plaintiff claims that the Defendant engaged in a "pattern and practice of mistreatment" or a "larger unwritten plan or scheme... to discriminate against injured employees" [<u>Id.</u> at ¶ 5.5, 6.3 and 6.8]. Consequently, the Plaintiff claims that he was terminated due to the "culmination of discriminatory conduct directed against him" by the Defendant [<u>Id.</u> at ¶ 6.3 and 6.8].

2

However, no where does the Plaintiff describe how he was "disabled under the TCHRA" as he asserts in his petition [Id. at ¶ 5.4]. Nor does he explain *what* acts of discrimination were committed by the Defendant, other than the allegation that he was wrongfully terminated. Repeatedly throughout his petition, the Plaintiff alleges that he was discriminated against [Id. at ¶¶ 6.3, 6.4, 6.9, 6.10]. The Plaintiff further states that "[a]s a result of *this discriminatory treatment*, Plaintiff Jose O. Herrera's ultimate termination, *and the acts described herein*, the Plaintiff has suffered damages.... (emphasis added)" [Id. at ¶ 6.5 and 6.11]. Yet, the Plaintiff's petition is totally devoid of any factual allegations which reveal what discriminatory actions, if any, were committed by the Defendant.

The Plaintiff cannot merely make a "bare bones" allegation that discrimination occurred but then fail to plead any of the facts giving rise to the injury. Since the Plaintiff has failed to set forth sufficient information to permit inferences to be drawn that the elements of his retaliatory discharge and TCHRA claims exist based on a pattern and practice of discrimination stemming from his alleged disabled status, he is **ORDERED** to amend his complaint and re-plead his retaliatory discharge and TCHRA claims.

IV.     **The Plaintiff adequately gives notice of the circumstances surrounding his claim for intentional infliction of emotional distress; therefore, amendment of this claim is unwarranted**

Unlike his retaliatory discharge and TCHRA claims, the Plaintiff adequately pleads his intentional infliction of emotional distress claim. Although the Defendant argues that the Plaintiff does not allege any facts constituting extreme and outrageous conduct, by the assertions in his petition the Plaintiff can prove a set of facts in support of this claim which would entitle him to relief. "It does not appear beyond a doubt that... the circumstances surrounding the firing of an individual will never give rise to a claim for intentional infliction of emotional distress." Walker, 904 F.2d at 277. Since pleadings must be construed so as to do substantial justice, the Plaintiff has provided

3

adequate notice of his intentional infliction of emotional distress claim. Therefore, this cause of action need not be re-pled.

## V. Conclusion

In summary, the Court

1) **GRANTS IN PART** the Defendant's motion, in that the Plaintiff is **ORDERED** to amend his complaint to re-plead his retaliatory discharge and TCHRA claims by 5:00 p.m. on Friday, April 13, 2001; and

2) **DENIES IN PART** the Defendant's motion, in that the Plaintiff need not re-plead his intentional infliction of emotional distress claim.

DONE at Brownsville, Texas, this 3 day of April 2001.

_____
Hilda G. Tagle
United States District Judge

4