*13*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
RECEIVED

APR 2 3 2001

Michael N. Milby, Clerk

| | | |
|---|---|---|
| JOSE O. HERRERA, | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-00-179 |
| | § | |
| THE EARTHGRAINS COMPANY, | § | |
| **Defendant** | § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S**
**FIRST AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Earthgrains Baking Companies, Inc., incorrectly referred to as "The Earthgrains Company") files this Answer in response to Plaintiff's First Amended Original Complaint ("the Complaint") on file herein and respectfully shows the Court as follows:

**I. Rule 12(b) Defenses**

1.  Plaintiff's allegations contained in ¶ 5.8 of the Complaint fails to state on claim on which relief may be granted in that "performing manual tasks" and "participating in community activities" are not major life activities that can support a claim that Plaintiff was disabled or that he was discriminated against on the basis of such disability.

2.  The Court is without jurisdiction over any alleged claim of retaliation as alleged in ¶ 5.9 of the Complaint because Plaintiff has failed to exhaust administrative remedies required before bringing any such claim.

3.  Plaintiff's allegations in ¶ 5.10 of the Complaint fails to state a claim on which relief may be granted because Texas Labor Code §§ 21.501, 21.055 do not provide a cause of action based on filing a workers' compensation claim.

C0044676.WPD:44180-109

## II. Responses to Specific Allegations

Subject to its Rule 12(b) defenses, Defendant responds as follows:

1.     Defendant admits that the plaintiff in this matter is Jose O. Herrera, as alleged in ¶ 1.1 of the Complaint, but states that it lacks sufficient knowledge to admit or deny the current residence of Plaintiff.

2.     With respect to the allegations in ¶ 1.2 of the Complaint, Defendant admits that Earthgrains Baking Companies, Inc. is a corporation duly licensed to conduct business in the State of Texas and may be served with citation by serving its attorney of record.

3.     With respect to the allegations in ¶ 2.1 of the Complaint, Defendant admits that venue is proper in Cameron County, Texas.  All other allegations in ¶ 3.1 of the Complaint which are not specifically admitted are denied.

4.     With respect to the allegations in ¶ 3.1 of the Complaint, Defendant admits that Plaintiff attempts to limit his allegations to those arising under Texas State law.

5.     With respect to the allegations in ¶ 4.1 of the Complaint, Defendant admits that Plaintiff began employment as a mechanic with Defendant in about 1996.  All other allegations in ¶ 4.1 of the Complaint which are not specifically admitted are denied.

6.     With respect to the allegations in ¶ 4.2 of the Complaint, Defendant admits that on or about August 10, 1998, while in the course and scope of his employment with Defendant corporation, Plaintiff sustained an on-the-job injury.  Defendant also admits that Plaintiff was allowed to return to employment with restrictions.  All other allegations in ¶ 4.2 of the Complaint which are not specifically admitted are denied.

7.     With respect to the allegations in ¶ 4.3 of the Complaint, Defendant admits that after his work-place injury, Plaintiff took steps towards filing a workers' compensation claim, he reported

his injury to his employer, and later sought medical treatment for such injury. Defendant admits it notified its workers' compensation insurance carrier of the claim. All other allegations in ¶ 4.3 of the Complaint, including the subparagraphs thereunder, which are not specifically admitted are denied.

8.    With respect to the allegations in ¶ 4.4 of the Complaint, Defendant admits that on or about September 1, 1999, Plaintiff was lawfully separated from employment. All other allegations in ¶ 4.4 of the Complaint which are not specifically admitted are denied.

9.    Defendant denies the allegations in ¶ 4.5 of the Complaint.

10.    With respect to the allegations in ¶ 5.1 of the Complaint, Defendant admits that Plaintiff was employed by The Earthgrains Baking Companies, Inc. for approximately 3 years. All other allegations in ¶ 5.1 of the Complaint which are not specifically admitted are denied.

11.    With respect to the allegations in ¶ 5.2 of the Complaint, Defendant admits that Plaintiff was injured in the course of his employment with The Earthgrains Baking Companies, Inc., and initiated a claim for workers' compensation benefits. Defendant also admits that it was and is a subscribing employer under the Texas Workers' Compensation Act. All other allegations in ¶ 5.2 of the Complaint which are not specifically admitted are denied.

12.    With respect to the allegations in ¶ 5.3 of the Complaint, Defendant admits that on or about September 1, 1999, Plaintiff was lawfully separated from employment. All other allegations in ¶ 5.3 of the Complaint which are not specifically admitted are denied.

13.    With respect to the allegations in ¶ 5.4 of the Complaint, Defendant admits that Plaintiff has recited the Texas Labor Code properly. Defendant denies that the statute applies to any of its conduct or that it wrongfully discharged or discriminated against Plaintiff in any way. All other allegations in ¶ 5.4 of the Complaint which are not specifically admitted are denied.

C0044676.WPD:44180-109                                    -3-

14.     With respect to the allegations in ¶ 5.5 of the Complaint, Defendant denies that Plaintiff suffered any damages as a result of discriminatory treatment or wrongful termination or that Plaintiff suffered any damages whatsoever, or that Plaintiff is entitled to any recovery whatsoever at law or in equity.  All allegations in ¶ 5.5 of the Complaint which are not specifically admitted are denied.

15.     With respect to the allegations in ¶ 5.6 of the Complaint, Defendant incorporates its responses from ¶¶ 6-15 as if set out in full herein.

16.     With respect to the allegations in ¶ 5.7 of the Complaint, Defendant admits that on or about August 10, 1998 Plaintiff suffered an on-the-job injury and was eventually released by his physician to perform light duty work.  All other allegations in ¶ 5.7 of the Complaint which are not specifically admitted are denied.

17.     Defendant denies the allegations in ¶ 5.8 of the Complaint.

18.     With respect to the allegations in ¶ 5.9 of the Complaint, Defendant admits that the cited statues are correctly set out but does not admit that they are applicable or that it violated the statutes.  All allegations in ¶ 5.9 of the Complaint that are not specifically admitted, are denied.

19.     Defendant denies the allegations contained in ¶ 5.10 of the Complaint.

20.     Defendant denies the allegations contained in ¶ 5.11 of the Complaint and further denies that Plaintiff suffered any damages, or that Plaintiff is entitled to any recovery whatsoever at law or in equity.

21.     Defendant denies the allegations contained in ¶ 6.1 of the Complaint.

22.     Defendant denies the allegations contained in ¶ 6.2 of the Complaint and further denies that Plaintiff has suffered any damages, or is entitled to any damages whatsoever at law or in equity.

C0044676.WPD:44180-109                                          -4-

23. Defendant denies the allegations contained in ¶ 6.3 of the Complaint and further denies that Plaintiff has suffered any damages, or is entitled to any damages whatsoever at law or in equity.

24. Defendant denies the allegations contained in ¶ 7.1 of the Complaint.

25. Defendant denies that Plaintiff is entitled to or should recover the prayed for relief in the Complaint, or that he is entitled to any damages whatsoever, at law or in equity.

## II. Affirmative Defenses

Defendant asserts the following affirmative defenses to Plaintiff's claims:

1. Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies.

2. Plaintiff's damages, if any, must be denied or reduced for failing to mitigate.

3. Plaintiff's damages, if any, must be denied or reduced for any amounts received through another employment, compensation, benefit or other source of income.

4. Plaintiff's damages, if any, are barred, in whole or in part, for any time that he was not qualified or able to work.

5. Plaintiff's damages, if any, are barred, in whole or in part, to the extent that they were caused by an independent source.

6. Plaintiff's claims are barred, in whole or in part by limitations.

7. Plaintiffs damages, if any, must be reduced in accordance with applicable statutory limitations.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing and

that Defendant recovers its costs herein expended.

Respectfully submitted,

MATTHEWS & BRANSCOMB
A Professional Corporation
802 N. Carancahua, Suite 1900
Corpus Christi, Texas 78470-0700
Telephone: (361) 888-9261
Facsimile: (361) 888-8504

By _____
Keith B. Sieczkowski
TSB No. 18341650
Fed. I.D. No. 17118
P. Garrett Triplett
TSB No. 00792879
Fed. I.D. No. 23347

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing has been served by United States Certified Mail, Return Receipt Requested on the following counsel in charge on this 20th day of April, 2001.

Carlos E. Hernandez, Jr.
Garcia & Romero, L.L.P.
201 North First Street
Harlingen, Texas 78550

**C. M. No. 7099 3220 0004 6531 3642**
**RETURN RECEIPT REQUESTED**

_____
Keith B. Sieczkowski