*14*

United States District Court
Southern District of Texas
FILED

APR 2 4 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE O. HERRERA, <br> Plaintiff <br><br> vs. <br><br> THE EARTHGRAINS COMPANY, <br> Defendant | § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. <br> B-00-179 <br> **(Jury Requested)** |

## PLAINTIFF'S MOTION FOR DISCRETIONARY REMAND

**TO THE HONORABLE JUDGE TAGLE:**

    **COMES NOW**, Jose O. Herrera, Plaintiff in the above styled and numbered cause of action, and hereby files this Motion for Discretionary Remand, under 28 U.S.C. § 1447(c). In support of this Motion, Plaintiff would show unto the Court as follows:

I.

### Factual Background

    1.    On or about October 17, 2000, Plaintiff Jose O. Herrera filed his Original Petition in the County Court at Law No. 3 of Cameron County, Texas.

    2.    On or about November 10, 2000, Defendant, the Earthgrains Company filed its Original Answer and Special Exceptions in County Court at Law No. 3 of Cameron County, Texas.

    3.    On or about November 21, 2000, Defendant filed its Notice of Removal in the United States District Court for the Southern District of Texas, Brownsville Division. According to the Defendant's removal action, the pending County Court at Law action alleges three causes of action: (1) wrongful discharge under the Workers' Compensation Act; (2) wrongful discharge under the Texas Commission on Human Rights Act; and (3) intentional infliction of emotional distress based upon his discharge. Defendant further states that the Plaintiff was a member of a collective bargaining agreement ("CBA") in

-2-

effect between the Defendant and the Union. The CBA governs the treatment of bargaining union employees, including Plaintiff. Specifically, the CBA governs the terms and conditions of employment, discipline and discharge. Defendant further alleges because Plaintiff was discharged under the terms of the CBA, Plaintiff's claim of intentional infliction of emotional distress is pre-empted by Section 301 of the Labor Management Relations Act, 29 U.S.C. §185.

4. On or about February 12, 2001, Defendant filed a Motion for More Definite Statement.

5. On or about April 5, 2001, the Honorable Judge Hilda Tagle ordered the Plaintiff to amend his Complaint by April 13, 2001.

6. On April 13, 2001, Plaintiff filed his First Amended Original Complaint. Plaintiff's First Amended Original Complaint clarified the 451 and TCHR claims and deleted the common-law cause of action for intentional infliction of emotional distress. The Amended Complaint simply states causes of action based on the laws of the sovereign State of Texas.

7. Given this situation, this Court has discretion to remand the removed pendant state-law claims since the federal law claim which provided the basis for removal has been eliminated.

II.

**Argument and Authorities**

8. Plaintiff's Complaint no longer includes any claims which are subject to preemption under § 301 of the Labor Management and Relation Act. As amended, Plaintiff's Complaint no longer contains any claims that supported federal question jurisdiction under 28 U.S.C. § 1331.

9. Plaintiff acknowledges that amendment of a complaint to delete all federal claims does not necessarily deprive this Court of subject matter jurisdiction. *Henry v. Independent Am. Savings Ass'n*, 857 F.2d 995, 998 (5th Cir. 1988). However, Plaintiff moves for a discretionary remand under the authority of *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

10. Under *Cohill*, a district court has discretion to remand a case when all federal claims have been eliminated and only state-law claims remain.

11. A thorough review of Plaintiff's First Amended Original Complaint indicates that only state-law claims remain and none of these claims touch on federal interests. As such, the Amended Complaint does not implicate any "uniquely federal" interests. Secondly, there is no evidence in the record that Plaintiff has attempted to manipulate the forum. In this regard, Plaintiff originally filed this case in County Court from the onset and therefore, it is straining to say that the Plaintiff has engaged in forum manipulation. *See, Nowoc v. Rheem Manufacturing Co.*, 772 F.Supp. 977, 979-80 (S.D. Tex. 1991).

Thirdly, the remaining discretionary factors -- judicial economy, convenience, fairness and comity -- favor remand. Balancing all factors, remand is appropriate here. This is a relatively new case and little activity has occurred in federal court since the removal approximately five months ago. The issues before this Court are a relatively straight-forward application of substantive Texas Employment Law.

12. Remand after removal is controlled by §1447(c) which provides that, "If . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . . . Through the prohibitory effect of 28 U.S.C. §1447(d), remand orders under §1447(c) are not reviewable on appeal, by mandamus, or otherwise, except in civil rights cases. *See Gravitt v. Southwestern Bell Tel. Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1997); *Volvo Corp. v. Schwarzer*, 429 U.S. 1331, 97 S.Ct. 284, 50 L.Ed.2d 273 (1976).

13. Section 1447(c), as amended in 1996, provides:

> A motion to remand a case on the basis of any defect in removal procedure must be made within thirty days after the filing of the notice of removal under §1446(a). ***If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. ...***

14. Section 1447(c), thus articulates two grounds for remand.

   (1) A defect in the removal procedure [which is not applicable here]; and

   (2) *The absence of subject matter jurisdiction*. (emphasis added).

15. Circuit courts of appeals have recognized that if a district court determines that the second ground of §1447(c) is satisfied, i.e. if the court lacks subject matter jurisdiction over the case, the court can *sua sponte* remand the case to state court at any time prior to final judgment. *Page v. City of Southfield*, 45 F.3d 128, 134 (6th Cir. 1995).

16. In the *Page* decision, the Sixth Circuit noted that the decisions of the Fifth and Seventh Circuits present a more logical interpretation of the current statute. The *Page* court held that there is a distinction in the statute between defects in removal procedure, which are waived unless raised in a plaintiff's motion within thirty days after removal, and lack of subject matter jurisdiction, which requires the court to remand at any time prior to final judgment.

17. In sum, the present lawsuit before this Court does not involve a federal question. 28 U.S.C. §1447(c); *International Primate Protection League v. Tulane Educ. Fund*, 500 U.S. 72, 89, 111 S.Ct. 1700, 1710 (1991).

-4-

## III.

## **Controlling Supreme Court Precedent**

18.    The seminal case in the area of discretionary remand is *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 352, 108 S.Ct. 614, 98 L.Ed. 2d 720 (1988).

19.    The issue squarely decided by the *Carnegie-Mellon* case was whether a federal district court has discretion under the doctrine of pendant jurisdiction to remand a properly removed case to state court when all federal-law claims in the action have been eliminated and only pendant state-law claims remained. *Carnegie-Mellon University v. Cohill*, 484 U.S. at 345.

20.    In the *Carnegie-Mellon* case, a husband and wife (hereinafter respondents) filed a complaint in a Pennsylvania state court against Carnegie-Mellon University, as well as the husband's former employer and his former supervisor, alleging a single federal-law age discrimination claim and a number of state-law claims, which all arose from the husband's discharge by petitioner. Respondents did not contest removal. *Cohill*, 484 U.S. at 346.

21.    Six months later, respondents moved to amend their complaint to delete the allegations of age discrimination and defamation and the request for damages for loss of consortium. *Cohill*, 484 U.S. at 346.

22.    The trial court granted Respondent's motion to remand their suit to state court on the ground that such amendment eliminated their sole federal-law claim, which had provided the basis for removal in the first place. *Id.* The Court of Appeals denied petitioner's application for writ of mandamus.

23. In the *Carnegie-Mellon* case, the United States Supreme Court held that a federal district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate. *Cohill*, 484 U.S. at 357.

24. In the *Carnegie-Mellon* case as in the case at bar, all federal-law claims have been eliminated and only pendent state-law claims remain. As such, a district court has a powerful reason to choose not to continue to exercise jurisdiction.

25. The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendant jurisdiction doctrine. *Id.*

**WHEREFORE**, Plaintiff Jose O. Herrera prays that the Court grant his Motion for Discretionary Remand, and to remand his suit to the State Court in which it was originally filed. Additionally, Plaintiff prays for such other and further relief at law or in equity to which he may be justly entitled to receive.

Signed April 23, 2001.

Respectfully submitted,

THE GARCIA LAW FIRM, P.C.
201 North First Street
Harlingen, Texas 78550
Telephone: (956) 412-7055
Facsimile: (956) 412-7105

By: _____
Carlos E. Hernandez, Jr.
State Bar No. 00787681
Federal Bar No. 17022

Attorney-in-Charge for
Plaintiff Jose O. Herrera

## CERTIFICATE OF CONFERENCE

A conference has been held on the merits of this Motion:

_____ I have been unsuccessful in my attempt to contact opposing counsel.

_____ I have been unsuccessful in my attempts to discuss this matter with the opposing counsel as said attorneys have not returned my telephone calls or responded to my letter.

____✓____ This matter has been discussed with opposing counsel and no agreement on the Motion could be reached.

_____ Opposing counsel has agreed or is unopposed to Movant's request under this Motion.

_____
Carlos E. Hernandez, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, Plaintiff's Motion for Discretionary Remand, has been served on all counsel of record, to wit:

*Via Certified Mail, R.R.R.*
Mr. Keith B. Sieczkowski
Matthews and Branscomb
802 North Carancahua, Ste. 1900
Corpus Christi, TX 78470

by depositing same in the care and custody of the United States Postal Service, by regular mail, unless otherwise specifically specified herein, on April 23, 2001.

_____
Carlos E. Hernandez, Jr.