15

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 0 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE O. HERRERA, <br> Plaintiff | § § § | |
| vs. | § | CIVIL ACTION NO. B-00-179 |
| THE EARTHGRAINS COMPANY, <br> Defendant | § § § § | |

### DEFENDANT EARTHGRAINS BAKING COMPANIES, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR DISCRETIONARY REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Earthgrains Baking Companies, Inc. (herein "Earthgrains"), incorrectly referred to as "The Earthgrains Company" files this response to Plaintiff's Motion for Discretionary Remand on file herein and respectfully shows the Court as follows:

### I. SUMMARY OF ISSUES

A.  **Plaintiff Appears To Claim This Court Has No Jurisdiction.**

Plaintiff begins his argument in his motion to remand by asserting that federal question has been eliminated from this suit. *Pl. Mot. for Disc. Remand ¶8.* From that position, he then claims that the elimination of federal question <u>could</u> deprive this Court of jurisdiction. *Pl. Mot. for Disc. Remand ¶¶12-16.* However, this argument fails from its inception because Plaintiff acknowledges what is clear; deletion of all federal claims does not deprive the Court of subject matter jurisdiction. *Compare Pl. Mot. for Disc. Remand ¶¶7 and 9* (noting incorrectly that deletion of federal claims <u>does not necessarily</u> deprive the Court of jurisdiction) *with Henry v. Independent American Savings*

C0045054.WPD:

*Ass'n*, 857 F.2d 995, 998 (5th Cir. 1988)(specifically explaining that deletion of federal claims <u>does not</u> deprive the Court of jurisdiction).

B. **Plaintiff Acknowledges This Court Has Jurisdiction And Then Asserts That The *Cohill* Factors Favor Discretionary Remand.**

As mentioned above, Plaintiff agrees that this Court has continuing jurisdiction over this case. Because the Court has subject matter jurisdiction, Plaintiff is relegated to arguing that this case should be remanded through the Court's use of its discretion. *Cohill*, the leading case on discretionary remand, establishes the factors to balance to determine the propriety of remand.

Plaintiff claims the *Cohill* factors favor remand. He claims first that there has been no forum manipulation, because he purportedly wanted to be in state court all along. He then asserts without any substantive analysis that it would be more judicially economic, fair and convenient to remand, not to mention the alleged propriety of comity to the state court. Plaintiff's analytical focus revolves around his position that "[t]his is a relatively new case and little activity has occurred." *See Pl. Mot. for Disc. Remand ¶ 11.*

C. **Remand Is Not Appropriate.**

As discussed more throughly below, the Court has jurisdiction and should continue exercising its jurisdiction. Despite his contention otherwise, there has been more than cursory action taken while the case has been pending before this Court. Further, the *Cohill* factors, including forum manipulation, convenience and comity support continued jurisdiction by this Court.

## II.
## PROCEDURAL HISTORY

A. On about October 12, 2000, Plaintiff filed his Original Petition against Earthgrains with County Court at Law Number 3 of Cameron County, Texas.

B. On about November 21, 2000 Plaintiff's case in County Court at Law Number 3 was removed to Federal Court by Earthgrains based on §301 of the Labor-Management Relations Act.

C. Although Plaintiff could have moved for remand of state law claims within 30 days, he did not. Notably, one of Plaintiff's claims, workers' compensation retaliation, would have been required to be remanded if Plaintiff had timely petitioned the Court for remand. Again, he did not do so and waived his right to demand remand.

D. The parties met several times in January 2000 to discuss and ultimately filed the Joint Discovery/Case Management Plan on February 2, 2001.

E. The parties began engaging in discovery on February 5, 2001 when Earthgrains submitted its Initial Disclosures to Plaintiff.

F. Likewise, on February 9, 2001 Plaintiff submitted his Initial Disclosures to Earthgrains.

G. On February 12, 2001 Earthgrains submitted Amended Disclosures to Plaintiff to clarify an incorrect answer.

H. The discovery process continued on March 27, 2001. Earthgrains provided Plaintiff with its 1st Request for Production and 1st Request for Interrogatories.

I. On April 5, 2001 Plaintiff served Requests for Admissions, Interrogatories and Production on Defendant.

J. On April 12, 2001 Plaintiff filed his 1st Amended Original Complaint deleting his claim for intentional infliction of emotional distress, a claim supporting removal due to preemption.

K. The parties met with the Court on April 18, 2001 for the Pretrial Conference. The parties met and presented an agreed proposed scheduling order. The Court immediately issued its Scheduling Order in conjunction with the conference.

L.   Earthgrains filed its Answer to Plaintiff's 1st Amended Original Complaint on about April 20, 2001.

M.   Most recently, Plaintiff filed his Motion for Discretionary Remand on April 24, 2001.

N.   This case is scheduled for Docket Call, final pretrial conference and jury selection, and standby for trial beginning February 7, 2002.

## II.
## ARGUMENT AND AUTHORITY

A.   **This Court Has Subject Matter Jurisdiction Over This Action. Remand Based On A Lack Of Jurisdiction Is Inappropriate.**

In his brief, Plaintiff initially contends "that amendment of a complaint to delete all federal claims <u>does not necessarily</u> deprive this Court of subject matter jurisdiction." *Pl. Mot. for Disc. Remand citing Henry v. Independent American Savings Ass'n*, 857 F.2d 995, 998 (5th Cir. 1988). However, Plaintiff misstates the holding in *Henry* which is without ambiguity, unlike the premise in his motion. In particular, in *Henry*, the Fifth Circuit explained, "a plaintiff's voluntary amendment to a complaint after removal to eliminate the federal claim upon which removal was based <u>will not</u> defeat federal jurisdiction." *Henry*, 857 F.2d at 998 *quoting Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985) (emphasis added). *See also Brown v. Southwestern Bell Tele. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990). Consequently, Plaintiff's discussion and argument contained in section II of *Plaintiff's Motion for Discretionary Remand* relating to remanding cases in which a federal district court lacks subject matter jurisdiction are irrelevant.[1]

Plaintiff concedes that this Court had jurisdiction when this case was removed. The fact that

---

[1] Notably, and despite his contrary implication, Plaintiff acknowledges that this Court has subject matter jurisdiction even after the elimination of all federal claims. *See Pl. Mot. for Disc. Remand* ¶9.

C0045054.WPD:                                          -4-

this Court had jurisdiction at the time of removal, necessarily means that the Court currently retains jurisdiction. *Henry*, 857 F.2d at 998. Accordingly, remand based on lack of jurisdiction is improper.

**B.     The Discretionary Factors Established In *Cohill* Favor This Court Retaining Jurisdiction Of This Case And Not Remanding To State Court.**

Plaintiff seeks to persuade this Court to remand this case pursuant to its discretionary authority. As Plaintiff notes, *Carnegie-Mellon Univ. v. Cohill* is the seminal case regarding discretionary remand. *Cohill* sets forth five factors to be balanced by federal district courts to determine if remand is appropriate for cases that no longer have federal question issues remaining. Those five factors are forum manipulation, judicial economy, convenience, fairness and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 and 357 (1988).

Apparently relying on *Cohill*, Plaintiff contends that this is a relatively new case in which little activity has occurred; therefore, remand is appropriate. Without discussing how he perceives the *Cohill* factors to balance in favor of remand, he simply asserts that there is no evidence of forum manipulation and the remaining factors favor remand. Other than his opinion that the case is relatively new and that little has occurred, Plaintiff only identifies that the case involves "a relatively straight-forward application of substantive Texas employment law." *Pl. Mot. for Disc. Remand* ¶ 11. As discussed more fully below, Plaintiff's attempt to invoke the Court's discretion based on Texas employment law and the *Cohill* factors is futile. Balancing the factors identified by the Supreme Court in *Cohill*, leads to the contrary conclusion. Remand is not appropriate.

**1.     Plaintiff Has Engaged In Forum Manipulation.**     First, as properly noted by Plaintiff in his motion, this Court should look to determine if forum manipulation has occurred. In this instance, Plaintiff has amended his pleadings in an attempt to eliminate federal question, and for no other apparent reason. This is forum manipulation, particularly <u>when Plaintiff waived</u> non-

discretionary remand.

In his original petition filed in state court, Plaintiff alleged he was retaliated against because he filed a workers' compensation claim. *Pl. Orig. Pet.* This claim was removed along with the federal question claim and the Court properly has supplemental jurisdiction over the retaliation claim.[2]

In general, removal of claims arising under workers' compensation statutes are not removable. 29 U.S.C. § 1447(c). It is established law, however, that motions to remand based on procedural defects are to be filed within 30 days of the removal, "or the plaintiff loses the opportunity to move for remand." *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1117 (5th Cir. 1998); 29 U.S.C. § 1447(c). The Fifth Circuit has squarely held that "wrongful" removal of workers' compensation retaliation claims is procedural in nature.[3] *Id.* Because such "wrongful" removal is procedural in nature, remand is waived if not sought within 30 days of filing for removal. *Id.*

In this case, Earthgrains filed for removal on November 21, 2000. The deadline to seek remand for procedural defects in removing the workers' compensation retaliation claim was December 21, 2000. Plaintiff has never sought non-discretionary remand of his workers' compensation retaliation claim. Indeed, Plaintiff did not seek to remand until April 24, 2001, and his basis is a lack of federal question. Accordingly, Plaintiff failed to seek remand within 30 days of removal as required pursuant to 28 U.S.C. § 1447(c). *Williams v. AC Spark Plug Div. of General*

---

[2] Plaintiff does not contest that the Court properly has jurisdiction over the non-federal state law claims.

[3] The term "wrongful" is used in the sense that workers' compensation retaliation claims are ordinarily not removable based on 28 U.S.C. § 1445(c). It is not intended to imply that this case was improperly removed.

*Motors Corp.*, 985 F.2d 783, 786 (5th Cir. 1993); *Graef v. Chemical Leaman Tank Lines*, 860 F.Supp. 1170, 1175-76 (E.D. Tex. 1994); *Haines v. National Union Fire Ins. Co. of Pittsburgh, Penn.*, 812 F. Supp. 93, 94-95 (S.D. Tex. 1993).

Accordingly, by waiving his right to remand the workers' compensation claim, Plaintiff effectively elected to pursue his claims in federal court. Plaintiff's attempt now to seek remand by altering his pleadings smacks of forum manipulation.

Plaintiff's actions are similar to those reviewed by the Fifth Circuit in *Jones v. Houston Indep. School Dist.*, 979 F. 2d 1004 (5th Cir. 1992). In *Jones,* the plaintiff tried to obtain remand of a properly removed case by repleading his allegations to delete all federal question issues. *Id.* at 1007. The Fifth Circuit recognized that the plaintiff's voluntary elimination of all claims that supported removal as a clear attempt to avoid federal jurisdiction and nothing else. *Id.* Consequently, remand was appropriately denied. *Id.*

The circumstances facing the Court in the present case are remarkably similar to and provide greater reason to deny remand than as reviewed by the Fifth Circuit in *Jones*. Clearly, Plaintiff's attempt to replead his claims to eliminate any federal question issue is indistinguishable from the practice condemned in *Jones*. Unlike *Jones*, however, in the case at bar, prior to this obvious manipulation, Plaintiff effectively chose to have this Court consider at least one of the claims that he now seeks to be remanded by failing to seek remand at the appropriate time. Thus, in this case, there is even more reason for this Court to retain jurisdiction than found appropriate in *Jones*.

2. **Proper use of judicial economy actually supports denying remand.** Under *Cohill*, after forum manipulation, judicial economy is the next appropriate factor to consider.[4] In a nutshell,

---

[4]Other than consideration of forum manipulation, Defendant does not mean to imply that the Supreme Court placed greater emphasis on any of the factors to be considered.

C0045054.WPD: -7-

all action taken by this Court will be for naught if this action is remanded. Despite Plaintiff's contention that not much has happened, this case has progressed significantly. Discovery has already begun with the parties exchanging Initial Disclosures and their Lists of Interested Parties. Earthgrains has also submitted Requests for Production and Interrogatories. Further, Plaintiff has propounded requests for production and interrogatories which will have needed to be responded to before this Court can act on this motion. Further, the Pretrial Conference has been held, and the Court has established its Scheduling Order and even set the case for trial. If the case is remanded, the state court would have to retrace all of those steps. This would not facilitate judicial economy but instill judicial redundancy and unnecessary delay.[5]

3. **The Other *Cohill* Factors (Convenience, Fairness and Comity) Favor Denying Remand.** With specific regard to convenience, this Court is readily accessible to the parties, and both parties have proceeded along diligently. This is not a case where Plaintiff is required to prosecute his claims in different forums; all claims are before the Court. Neither is this a case where by removing the cause the case was transferred out of town or to some inconvenient venue. This case was removed from Cameron County Court at Law, located in Brownsville, Texas. There is no inconvenience in literally reporting down the street to a different court as in this case.

Further, there is no unfairness. As discussed above, with respect to judicial economy, the parties have been involved in significant pretrial preparations and discovery. Plaintiff makes no argument that being before this Court has been or would in the future be unfair or inconvenient. Indeed, such an assertion would be an affront to this Court and unsupported. Additionally, the rules of procedure and the accessibility of this Court clearly undermine any argument that being before

---

[5]This is not a case where litigation would be pursued piecemeal due to pending actions in another court. All claims currently asserted by the Plaintiff are before this Court.

this Court would be unfair to Plaintiff.

Finally, comity also favors this Court retaining this case. Initially, Plaintiff asserts that because his claims involve a "straight-forward" application of state law, in the interests of comity it should be remanded. To the contrary, when the state law issues well established in the area, there is less reason to remand than when areas of state law are unsettled. *Cf. Gonzales v. Galveston Ind. School Dist.*, 865 F. Supp. 1241, 1253 (S.D. Tex. 1994) (specifically noting that remand is appropriate for cases with <u>unsettled</u> issues of state law). Thus, Plaintiff's own assertion of settled law, actually militates toward denying remand.

Additionally, the Fifth Circuit and federal district courts in Texas have long reviewed and interpreted claims of workers' compensation retaliation under Texas law, which at their core are simply claims of discrimination. *See e.g., Burfield v. Brown, Moore & Flint, Inc.*, 51 F.3d 583 (5th Cir. 1995); *Swearingen v. Owens-Corning Fiberlgas Corp.*, 968 F.2d 559 (5th Cir. 1992); *Pedilla v. Carrier Air Conditioning*, 67 F. Supp. 2d 650 (E.D. Tex. 1999); *Johnson v. Alcatel Network Systems, Inc.*, 963 F. Supp. 599 (N.D. Tex. 1996); *Munoz v. H&M Wholesale, Inc.*, 926 F. Supp. 596 (S.D. Tex. 1996). These are not matters foreign to federal district courts.

Moreover, the nature of Plaintiff's current allegations are general discrimination and Title VII-type claims. *See Pl. Amended Complaint* (alleging age and disability discrimination). In developing state jurisprudence for such matters, <u>Texas courts follow the law developed under the federal anti-discrimination statutes.</u> *See, e.g., Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 739 (5th Cir. 1999)(purpose of Texas human rights laws is to conform with federal law under Title VII and the ADEA); *Gold v. Exxon Corp.*, 960 S.W.2d 378, 380 (Tex. App. Houston [14[th] Dist.] 1998, no pet.)(to correlate Texas and federal anti-discrimination law, Texas courts look to pertinent federal law to interpret relevant provisions of the TCHRA); *Ewald v. Wornick Family Foods Corp.*, 878

S.W.2d 635, 638 (Tex. App. – Corpus Christi 1994, writ denied). Thus, because state court would actually look to federal precedent to analyze Plaintiff's claims, it would actually frustrate matters to remand the case. Therefore, rather than support remand, consideration of comity and Texas courts' reliance on federal law, is a strong reason to retain jurisdiction.

## III.
## CONCLUSION

This Court clearly has jurisdiction over this case. Plaintiff does not meaningfully dispute this. Rather, he seeks to invoke the discretion of the Court to relinquish its jurisdiction and remand the case. However, the balance of the factors set out in *Cohill*, strongly support the result that this Court retain jurisdiction over this case and not remand.

Initially, and significantly, there is evidence that Plaintiff's attempt at remand is truly an attempt at forum manipulation. Also, the factors of judicial economy, convenience and fairness favor retention. Lastly, given the expressed and recognized reliance on federal law to develop Plaintiff's remaining claims, consideration of comity actually supports denying remand. In fact, to remand this case would run counter to *Cohill* because it would send a case to a state court that would then have to look to federal law to analyze Plaintiff's claims. Such a result would decrease judicial economy, create confusion, and run counter to proper considerations of comity.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff's Motion for Discretionary Remand be denied and that Defendant be awarded all other relief to which it may be entitled.

Respectfully submitted,

MATTHEWS & BRANSCOMB
A Professional Corporation
802 N. Carancahua, Suite 1900
Corpus Christi, Texas 78470-0700
Telephone: (361) 888-9261
Facsimile: (361) 888-8504

By _____
Keith B. Sieczkowski
TSB No. 18341650
Fed. I.D. No. 17118
P. Garrett Triplett
TSB No. 00792879
Fed. I.D. No. 23347

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing has been served by United States Certified Mail, Return Receipt Requested on the following counsel in charge on this 9th the day of May, 2001.

| | |
|---|---|
| Carlos E. Hernandez, Jr.<br>The Garcia Law Firm, P.C.<br>201 North First Street<br>Harlingen, Texas 78550 | **C. M. No. 7000 0520 0022 1038 8051**<br>**RETURN RECEIPT REQUESTED** |

_____
Keith B. Sieczkowski