/16

United States District Court
Southern District of Texas
FILED

MAY 1 6 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE O. HERRERA,<br>Plaintiff<br><br>vs.<br><br>THE EARTHGRAINS COMPANY, INC.<br>and EARTHGRAINS BAKING<br>COMPANIES, INC.<br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br>B-00-179<br>(Jury Requested) |

---

**PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT**

---

**TO THE HONORABLE JUDGE TAGLE:**

COMES NOW, Jose O. Herrera, hereinafter referred to as Plaintiff, complaining of The Earthgrains Company, Inc. and Earthgrains Baking Companies, Inc., and hereinafter collectively called "Earthgrains" or by name or as the Defendant corporations, and for such cause of action, would respectfully show unto the Court and the Jury, as follows:

I.

**Parties**

1.1    Plaintiff, Jose O. Herrera, is an individual residing in Cameron County, Texas.

1.2    Defendant, The Earthgrains Company, Inc. has answered and appeared herein.

1.3    Defendant Earthgrains Baking Companies, Inc. is a corporation duly licensed to conduct business in the State of Texas and may be served with summons by serving its registered agent, C.T. Corporation System, 350 North St. Paul Street, Dallas, Texas 75201 or by serving its attorneys, Mr. Keith B. Sieczkowski or Mr. P. Garrett Triplett, Matthews and Branscomb, 802 North Carancahua, Ste. 1900, Corpus Christi, TX 78470. Citation is requested via certified mail, return receipt requested.

## II.

## <u>Venue and Jurisdiction</u>

2.1    Venue is proper in Cameron County, Texas in that the incident made the basis of this cause of action occurred in Cameron County, and the Plaintiff as well as the Defendant corporations reside in Cameron County, Texas.

## III.

## <u>No Federal Claims Made</u>

3.1    Plaintiff Jose O. Herrera hereby gives notice that the only causes of action he intends to litigation are those concerning rights afforded to him under the Texas Constitution, the Texas Labor Code – specifically Section 451 of the Labor Code, the Texas Commission on Human Rights Act, and the Common Law of the Sovereign State of Texas.  The Plaintiff hereby affirmatively avers that he has not alleged any federal cause of action.

## IV.

## <u>Factual Background</u>

4.1    Plaintiff Jose O. Herrera accepted employment with the Defendant corporations in approximately 1996.  During his three and a half years of employment with the Defendant corporations, Plaintiff Jose O. Herrera was employed as a mechanic and performed all the duties assigned to him with loyalty, dedication and hard work.

4.2    On or about August 10, 1998, while in the course and scope of his employment with Defendant corporations, the Plaintiff sustained an on-the-job injury in the form of a ruptured disc to his lower back area while taking a transmission out of a truck. After sustaining his disabling injury, Plaintiff due to his physical impairment was substantially limited in several major life functions, including but not limited to the following: (1) caring for himself; (2) performing manual tasks; (3) working; and (4) participating in community activities.    Plaintiff Jose O. Herrera had a record of an impairment and was regarded as having an impairment by the Defendant corporations. Plaintiff Jose O. Herrera was eventually released to work.

-2-

4.3     On or about August 10, 1998 or shortly thereafter, Plaintiff Jose O. Herrera took steps towards filing a Workers Compensation claim and he reported his injury to his employer and later sought medical treatment for such injury.   Due to the nature of his injuries, the Defendant corporations notified their Workers Compensation insurance carrier to pay for Plaintiff Jose O. Herrera's medical expenses.   Due to Mr. Herrera's disability, age and workers compensation claim, the Defendant corporations illegally discriminated against him.   Specific examples of the discrimination are certain negative comments regarding his injury including, but not limited to the following:

   a.     Gary Bryan of the Defendant corporations made statements to the effect that Plaintiff had not been injured at work, but had injured himself elsewhere.

   b.     Mr. Angel Chapa of the Defendant corporations began asking why Plaintiff was faking a limp.

   c.     Mr. Hector Richardson of the Defendant corporations stated words to the effect that Plaintiff was faking his injury.

   d.     Management despite knowledge of Plaintiff's workers compensation claim and subsequent disability, chastised Plaintiff about his work and his age.

   e.     Management employees including Gary Bryan and others placed a cot in the work area and told Plaintiff in order to keep his job, he needed to show up to work, perform his duties as best he could and if he needed help, to rest in the cot to deal with his injury and pain as well as to prevent down time.

4.4     On or about June 4, 1999, Plaintiff was released to work by his treating physician. On or about July 30, 1999, Plaintiff Jose O. Herrera was wrongfully discharged by a management employee of the Defendant corporations.   Plaintiff Jose O. Herrera asserts that the true reason for his termination was because he in "good faith" instituted

a claim and took other protective steps under the Workers' Compensation Act." Additionally, Plaintiff Jose O. Herrera asserts that he was discriminated against due to his age in violation of the Texas Commission on Human Rights Act ("TCHR") as well as his disability.

4.5    Plaintiff Jose O. Herrera alleges that there was no legitimate business justification for his termination in that the Plaintiff had always performed a satisfactory job for the Defendant corporations for the last three and a half years, and that there was work available which Plaintiff Jose O. Herrera could perform.  Plaintiff Jose O. Herrera further asserts and intends to prove that the mistreatment received by him was part of a pattern and practice engaged in by the Defendant corporations towards the Plaintiff and others similarly situated.

V.

**Causes of Action - Retaliatory Discharge**

**A.     Violations of Section 451.001 of the Texas Labor Code**

5.1    Plaintiff Jose O. Herrera accepted employment with the Defendant corporations.  During his three and a half years of employment, Plaintiff Jose O. Herrera performed all the duties assigned to him with loyalty, dedication, and hard work.

5.2    On or about August 10, 1998, while an employee of the Defendant corporations, Plaintiff Jose O. Herrera was injured in the course and scope of his employment.  As a result of his injury, the Plaintiff had initiated and thereafter filed a workers' compensation claim. The Plaintiff further took other protective steps to obtain the benefits permitted under the Texas Workers' Compensation Act.   The Defendant corporations were at the time and continue to be subscribing employers under the Texas Workers' Compensation Act.

5.3    On or about July 30, 1999, Plaintiff Jose O. Herrera was terminated due to the culmination of discriminatory conduct directed against him by the Defendant corporations set forth under section IV. The Defendant corporations wrongfully terminated the Plaintiff because he exercised his rights under the Texas Workers' Compensation Act.

-4-

The Plaintiff further alleges that his termination was part of a larger unwritten plan or scheme of the Defendant corporations to discriminate against injured employees of the Defendant corporations.

5.4    The Defendant corporations, their agents, servants, and employees discharged or in some other manner discriminated against Plaintiff Jose O. Herrera because he in "good faith" filed a claim or caused to be instituted in "good faith" a proceeding under the Texas Workers' Compensation Act.  The conduct of the Defendant corporations is in violation of the Workers' Compensation Retaliation Statute (previously Article 8307c, currently Texas Labor Code, Section 451.001) which states:

### Section 451.001 Labor Code

A person may not **discharge** or in any manner **discriminate** against an employee because the employee has:

1.    Filed a workers' compensation claim in good faith;

2.    Hired a lawyer to represent the employee in the claim;

3.    Instituted or caused to be instituted in good faith a proceeding under subtitle A; or

4.    Testified or is about to testify in a proceeding under subtitle A.

(Vernon's 2000.)

5.5    As a result of the discriminatory treatment outlined in Section IV, Plaintiff Jose O. Herrera's ultimate termination, and the acts described herein, the Plaintiff has suffered damages as further alleged in this Petition.

## B.    Violations of the Texas Commission on Human Rights Act

5.6    Plaintiff Jose O. Herrera realleges the allegations contained in Section IV, entitled *Factual Background*.

ClibPDF - www.fastio.com

5.7     On or about August 10, 1998, Plaintiff Jose O. Herrera suffered an on-the-job injury in the form of a lower back injury.  On or about June 4, 1999, Plaintiff was released to work by his treating physician. After sustaining his disabling injury, Plaintiff due to his physical impairment was substantially limited in several major life functions, including but not limited to the following: (1) caring for himself; (2) performing manual tasks; (3) working and (4) participating in community activities.    Plaintiff Jose O. Herrera had a record of an impairment and was regarded as having an impairment by the Defendant corporations.

5.8     On or about July 30, 1999, Plaintiff Jose O. Herrera was terminated and/or constructively discharged due to the culmination of discriminatory conduct directed against him by the Defendant corporations.

5.9     The Defendant corporations, their agents, servants, and employees discharged or in some other manner discriminated against Plaintiff Jose O. Herrera because of his disability and/or age.

Section 21.051 Discrimination by Employer

> An employer commits an unlawful employment practice if because of race, color, *disability*, religion, sex, national origin, or *age*, the employer:
>
> 1.     Fails or refuses to hire an individual, ***discharges an individual, or discriminates in any other manner against the individual*** in connection with compensation or the terms, conditions, or privileges of employment; or
>
> 2.     Limits, segregates or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of the employer.

(Vernon's 2000.)

ClibPDF - www.fastio.com

Section 21.055, Retaliation

> An employer, labor union or employment agency commits an unlawful employment practice if the employer, labor union or employment agency *retaliates* or *discriminates* against a person who, under this Chapter:
>
> 1.     Opposes discriminatory practice;
>
> 2.     Makes or files a charge;
>
> 3.     Files a complaint; or
>
> 4.     Testifies, assists or participates in any manner an investigation, proceeding or hearing.

5.10    The Defendant corporations, their agents, servants and employees discharged or in some other manner, discriminated against Plaintiff Jose O. Herrera because he filed a workers' compensation claim.

5.11    As a result of the discriminatory treatment contained in Section IV, entitled *Factual Background*, his ultimate termination and the acts described herein, Plaintiff Jose O. Herrera has suffered damages as further alleged in this Petition.

## VI.
## **Actual Damages**

6.1     As a result of the incident made the basis of this suit, Plaintiff Jose O. Herrera has incurred damages in the following respects:

### A.     **Lost Earnings and Special Damages**

6.2     At the time of the incident complained of, Plaintiff Jose O. Herrera was gainfully employed.   As a proximate result of the wrongful acts of the Defendant corporations, the Plaintiff was unable to attend to his occupation and thereby suffered a loss of income for which he hereby sues.  As a result of the wrongful acts of the Defendant corporations, the Plaintiff's earnings, retirement, and capacity to earn a livelihood were

severely impaired.  In all reasonable probability, the Plaintiff's loss of earnings and loss of earning capacity will continue long into the future, if not for the balance of the Plaintiff's natural life.  Plaintiff Jose O. Herrera therefore sues for any lost earnings in the form of back pay, lost wages, front pay, retirement benefits, health coverage, fringe benefits, lost future earnings and/or diminished earning capacity to the extent permitted by law, due to the acts complained of above.

## B.    Past and Future Mental Anguish

6.3    As a result of the incident described above, that is made the basis of this suit, Plaintiff Jose O. Herrera has suffered physical as well as severe mental pain and anguish. The Plaintiff has suffered feelings of anxiety, worthlessness, embarrassment, and inferiority.  The Plaintiff has further suffered effects including but not limited to sleeplessness and loss of self-esteem due to his termination.  In all reasonable probability, the Plaintiff will continue to suffer such severe mental and physical pain and anguish for a long time into the future, if not for the balance of his natural life.

## VII.

## Exemplary Damages

7.1    The conduct of the Defendant corporations, as set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the Plaintiff.  Because of the spite, ill-will and malicious and fraudulent intent held by the Defendant corporations' management toward the Plaintiff, such a management, acting in a willful and intentional manner, committed certain acts calculated to cause injury and/or damage to the Plaintiff.  Accordingly, the Defendant corporations acted with malice, actual malice and/or a specific intent to injure the Plaintiff.  The Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendant corporations and their management in the future. Accordingly, Plaintiff Jose O. Herrera requests that punitive damages be awarded against the Defendant corporations as a result of their egregious violations of the law.

WHEREFORE, Plaintiff Jose O. Herrera prays that this Honorable Court grant the following:

(1)   Judgment against the Defendants, The Earthgrains Company, Inc., and Earthgrains Baking Companies, Inc. for the Plaintiff's actual damages;

(2)   Punitive damages;

(3)   Attorney's fees;

(4)   Pre-judgment interest allowed by law;

(5)   Interest on said judgment at the legal rate from the date of judgment;

(6)   For costs of suit herein;

(7)   For such other and further relief at law or in equity to which the Plaintiff may show himself justly entitled to receive.


Signed May 16, 2001.

Respectfully submitted,

THE GARCIA LAW FIRM, P.C.
201 North First Street
Harlingen, Texas 78550
Telephone: (956) 412-7055
Facsimile: (956) 412-7105


By:_____
Carlos E. Hernandez, Jr.
State Bar No. 00787681
Federal Bar No. 17022

Attorneys for Plaintiff
Jose O. Herrera

-9-

ClibPDF - www.fastio.com

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, Plaintiff's Second Amended Original Complaint, has been served on all counsel of record, to wit:

*Via Certified Mail, R.R.R.*
*7000 1530 0000 6158 8389*
Mr. Keith B. Sieczkowski
Mr. P. Garrett Triplett
Matthews and Branscomb
802 North Carancahua, Ste. 1900
Corpus Christi, TX 78470

by depositing same in the care and custody of the United States Postal Service, by regular mail, unless otherwise specifically specified herein, on May 16, 2001.

Carlos E. Hernandez, Jr.

-10-

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

SOUTHERN _____ District of _____ TEXAS

Jose O. Herrera
V.
The Earthgrains Company, Inc.
and Earthgrains Baking
Companies, Inc.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **B-00-179**

TO: (Name and address of Defendant)

Earthgrains Baking Companies, Inc.
by serving its registered agent:
C.T. Corporation System
350 North St. Paul Street
Dallas, Texas 75201

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Carlos E. Hernandez, Jr.
The Garcia Law Firm, P.C.
201 North First Street
Harlingen, Texas 78550
Telephone: (956) 412-7055
Facsimile: (956) 412-7105

an answer to the complaint which is herewith served upon you, _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk _____   May 16, 2001 _____

CLERK

(By) DEPUTY CLERK

DATE

ClibPDF - www.fastio.com