*19*

United States District Court
Southern District of Texas
FILED
MAY 2 5 2001
Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE O. HERRERA, | § | |
| Plaintiff | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | B-00-179 |
| | § | *(Jury Requested)* |
| THE EARTHGRAINS COMPANY, et al., | § | |
| Defendants | § | |

**PLAINTIFF'S REPLY TO DEFENDANT EARTHGRAINS BAKING COMPANIES, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR DISCRETIONARY REMAND**

**TO THE HONORABLE JUDGE TAGLE:**

COMES NOW, Jose O. Herrera, Plaintiff in the above styled and numbered cause of action, and hereby files this his Reply to Defendant Earthgrains Baking Companies, Inc.'s Response to Plaintiff's Motion for Discretionary Remand. In support of his Reply, Plaintiff would show unto the Court as follows:

I.

**Plaintiff's Position Regarding his Motion for Discretionary Remand[1]**

A district court's decision to retain jurisdiction over pendent state-law claims is reviewed under an abuse of discretion standard. *Parker and Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992). This review is guided by the relevant statutory provisions governing the exercise of supplemental jurisdiction. *See, 28 U.S.C. §1367(c),* as well as the Supreme Court's articulation of the scope and nature of the district court's discretion in exercising jurisdiction over pendent state-law claims. *See, e.g. Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 618-20, 98 L.Ed. 2d 720

---

[1] Plaintiff is not relegated to arguing *Cohill* as Defendant suggests. Rather, Plaintiff is legitimately requesting discretionary remand. To the extent that defense counsel suggests that Plaintiff is seeking anything, but a discretionary remand is to create ambiguity where there is none. Defense counsel's assertion that Plaintiff should have sought remand of the state-law 451 claim pursuant to the *Sherrod* case is misleading. *Sherrod* is not a discretionary remand case and, in fact, involves diversity jurisdiction. Following the suggested course would have promoted unnecessary parallel lawsuits, piece meal litigation, and a waste of judicial resources. Defendant's position with regard to *Sherrod* is impossible to reconcile with its statement in footnote 5 of its Response.

(1988), and *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 1138-39, 16 L.Ed. 2d 218 (1966).

In this case, it seems appropriate to begin by noting that when all federal claims are dismissed or otherwise eliminated from a case prior to trial, the Fifth Circuit has stated that its "general rule" is to decline to exercise jurisdiction over the pendent state-law claims. *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989).

II.

### Analysis of 28 U.S.C. §1367(c)

28 U.S.C. §1367(c) provides that the district courts may decline to exercise supplemental jurisdiction over a claim under sub-section (a) if --

(1) the claim raises a novel or complex issue of state-law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

With regard to the first of the §1367(c) factors, this case involves "novel or complex" issues of state-law involving §451 of the Texas Labor Code, as well as issues involving the Texas Commission on Human Rights Act. Turning to the second and third statutory factors, since the intentional infliction of emotional distress claim has been deleted, the state-law claims now clearly predominate over the (now non-existent) federal claims. Finally, there are no "exceptional circumstances" that would make the fourth §1367(c) factor relevant. Thus, under §1367(c) and the analysis provided herein, remand is appropriate.

Furthermore, the United States Supreme Court has stated that its "general rule" is to remand cases when all federal claims are disposed of prior to trial, and the Supreme

Court has further counseled that the dismissal of all federal claims ***weighs heavily*** in favor of declining jurisdiction. See *Gibbs*, 86 S.Ct. at 1139, and *Cohill*, 108 S.Ct. at 619 (emphasis added).

### III.

### A Thorough Analysis of the *Cohill* Factors Heavily Favors Discretionary Remand

The United States Supreme Court has also provided additional guidance regarding review of the discretionary retention of pendent state-law claims. In *Cohill*, the United States Supreme Court discussed the seminal case of *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed. 2d 218 (1966), specifically focusing on the considerations appropriate to the exercise of jurisdiction over pendent state-law claims after all federal claims have been eliminated from a case. *Cohill*, 108 S.Ct. at 618-19.

The *Cohill* court counseled that, pursuant to the reasoning and holding of *Gibbs*, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in federal court involving pendent state-law claims." *Cohill*, 108 S.Ct. at 619. The Court went on to state that when a "balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its ***early stages*** and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Id.* (emphasis added; footnote and internal citation omitted). Therefore, under the Supreme Court's "general rule" and the instructive reasoning contained in *Gibbs* and *Cohill*, remand is the correct disposition in the case at bar.

The Fifth Circuit has specifically recognized that remand is mandated due to concerns of comity and the congressional intent that cases involving workers' compensation issues be resolved in state courts. In *Jones v. Roadway Express, Inc.*, 931 F.2d 1086 (5th Cir. 1991), the Fifth Circuit Court of Appeals construed 28 U.S.C. §1445(c), which bars the removal of workers' compensation cases, as indicating that "Congress intended that all cases arising under a state's workers' compensation scheme remain in state court." *Id.* at 1092. Accordingly, after the complete preemption claim asserted by the defendant in *Roadway Express* was eliminated on appeal, the Fifth Circuit held that "the case *must* be remanded to state court." *Id.* (emphasis added).

The Fifth Circuit concluded in *Roadway Express* that remand was required "in order to satisfy Congress' dictate that, to the extent possible, workers' compensation cases remain in state court." *Id.* On petition for rehearing, the Fifth Circuit further stated that the principal issue on appeal in *Roadway Express* had been "whether to remand the case to state court when only a state-law claim remained," which is the precise question before this court. *Jones v. Roadway Express, Inc.*, 936 F.2d 789, 792 (5th Cir. 1991). The Fifth Circuit went on to clearly restate its prior holding that "[g]iven the discretion vested to the court to remand pendent state-law claims to state court, we believe that the intent of Congress -- that whenever feasible, state workers' compensation claims be resolved in state court -- favors remand to state court." *Id.*

A.　**This case is at an "early stage" of the litigation.**

The *Carnegie-Mellon* court recognized that when the single federal-law claim is eliminated at an "early stage" of the litigation, the district court has "a powerful reason to choose not to continue to exercise jurisdiction." 484 U.S. at 351, 108 S.Ct. at 619.

-4-

As this Court is aware, the intentional infliction of emotional distress claim which was preempted by the Labor Management Relation Act was dismissed at a "preliminary stage" in the proceedings. Thus, at this point, there has not been a "substantial commitment" of judicial resources to the non-federal claims as the Court has only conducted one hearing. *See, W.R. Grace & Co. v. Continental Casualty Co.*, 896 F.2d 865, 872 (5th Cir. 1990). At this point, remand of the state-law case to state court will not prejudice the litigants, namely the non-moving Defendants.

In applying the appropriate *Cohill* factors, no single factor -- such as whether the case is in an "early stage" or whether it involves novel issues of state-law -- is dispositive. Rather, the United States Supreme Court has instructed that the Court look at all the factors under the specific circumstances of a given case.

At this stage of the proceedings, which is relatively early on in light of the February 2002 trial date, judicial economy would be better served by remand. While it is acknowledged that some significant development has occurred in this case, including one hearing before the Court, as well as initial discovery, the proceedings are still at a relatively early stage. *Parker and Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 587 (5th Cir. 1992). In fact, in *Parker and Parsley*, the Fifth Circuit held that the district court abused its discretion in retaining jurisdiction over state-law claims after it had dismissed federal RICO claims. In the *Parker and Parsley* case, the case had been pending for nine months and trial was scheduled a few weeks away. Nonetheless, the Fifth Circuit determined that remand was appropriate.

Second, at this stage, there is no indication that the federal district court has substantial familiarity with the actual merits of this case. Specifically, the Court has conducted only one status hearing which was held on April 18, 2001. Given the one hearing that has transpired, the federal district court is not so intimately involved in, and familiar with, this case that proceeding further in federal court would prevent redundancy and would conserve substantial judicial resources -- nor would it serve judicial economy to proceed with this case when the intentional infliction for emotional distress claim, which gave rise to federal jurisdiction, has been deleted.

**B.  Analysis of the Inconvenience factor favors remand.**

Remand of this case would not cause undue inconvenience to the litigants. Remanding this case to state court would not place a "tremendous financial drain" on the parties. Little new legal research is necessary, as the surviving claims are governed by state-law, in either forum, and any additional factual research would have to be conducted any way. *See, Financial Gen. Bancshares v. Metzger*, 680 F.2d 768, 774 (D.C. Cir. 1982).

Additionally, the most expensive element of the trial preparation, discovery, is largely usable in the state proceeding. The parties would not have to repeat the effort and expense of the discovery process. *See, Waste Sys. v. Clean Land Air Water Corp.*, 683 F.2d 927, 931 (5th Cir. 1982) (fact that discovery could be used in state court proceeding weighs in favor of dismissal of case from federal court). *See also, Financial Gen. Bancshares*, 680 F.2d at 774. The state court is a "surer-footed arbiter of the relevant pieces of evidence for state-law claims." *See, Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139.

With regard to the inconvenience factor, Plaintiff would show that as part of the litigation strategy in this matter, Plaintiff seeks to litigate this matter in state court due to the

different voir dire procedure and jury selection procedure available in the state forum. As this Court is aware, in state court, the lawyers have an opportunity to speak directly with the jurors and conduct a relatively unrestrained dialogue with them in order to probe a potential juror's bias. Additionally, the summary judgment standard in state court under T.R.C.P. 166(a) significantly differs from the federal procedure under F.R.C.P. 56.

With regard to the substantive law to be applied to the 451 action, the standard of causation is set forth in *Continental Coffee Products v. Cazares*, 937 S.W.2d 444, 450 (Tex. 1996). The sufficiency of evidence in a summary judgment context is governed by Texas case law, including *Texas Division-Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 314 (Tex. 1994) and *Georges Food Service, Inc. v. Huerta*, 964 S.W.2d 656, 665 (Tex. App. -- Corpus Christi 1997, no pet.). Given that there are no pending federal issues before the Court, Plaintiff respectfully requests discretionary remand.

C.  **Analysis of the Fairness factor favors remand.**

The fairness factor outlined in *Cohill* also weighs in favor of remand. Defendant Earthgrains Baking Companies, Inc. states that "in a nutshell, all action taken by this Court will be for naught if this action is remanded." Earthgrains' Response to Plaintiff's Motion for Discretionary Remand, pg. 7. Since all of Defendant Earthgrains' discovery has focused on the state-law claims, it seems disingenuous to assert that position. As discussed above, all discovery previously conducted will be used in the state court proceedings. Should this case be remanded, the state court will most likely assign a docket control conference which does not require the physical presence of the Defendants and the schedule will be similar, if not identical, to the federal scheduling order. It is

difficult, if not impossible, to assert that a docket control conference held in state court would pose a matter of undue hardship on the Defendants.

**D.  Analysis of the Principles of Federalism and Comity favor remand.**

The important interests of federalism and comity outlined in *Cohill* favor remand of this action.  The federal courts are courts of limited jurisdiction, *Aldinger v. Howard*, 427 U.S. 1, 14-15, 96 S.Ct. 2413, 2420, 49 L.Ed. 2d 276 (1976), and often are not as well equipped for determinations of state-law issues as are state courts.  Aside from the state courts' inherent familiarity with their respective jurisdictions' law, the federal courts' construction of state law can be "uncertain and ephemeral." *Penhurst State School & Hospital v. Halderman*, 465 U.S. 89, 122 n. 32, 104 S.Ct. 900, 920 n. 32, 79 L.Ed. 2d 67 (1984).  "[F]ederal courts are not the authorized expositors of state law.  There is no mechanism by which their errors in such matters can be corrected on appeal by state courts." *Herbert Wechsler, Federal Jurisdiction and the Revision of the Judicial Code*, 13 Law and Contemp. Prob., 216, 232 (1948) (cited in *Gibbs*, 383 U.S. at 726 n. 15, 86 S.Ct. at 1139 n. 15 and quoted in *Financial Gen. Bancshares*, 680 F.2d at 776).  *See, United Gas Pipeline Co. v. Ideal Cement Co.*, 369 U.S. 134, 135, 82 S.Ct. 676, 677, 7 L.Ed. 2d 623 (1962) (per curiam) (state court defines authoritative meaning of state law).[2]  In this case, the interest of federalism and comity point strongly towards remand.  All of the

---

[2] The framers of the Constitution did not contemplate that a federal trial court could assume jurisdiction over exclusive state-law claims in the absence of diversity jurisdiction. *Alexander Hamilton*, for example, states that the judicial power of the United States ought to extend only 1st to all those which arise out of the laws of the United States, past and pursuance of their just and constitutional powers of legislations; 2nd to all those which concern the execution of the provisions expressly contained in the Articles of Union; 3rd to all those in which the United States are a party; 4th to all those which involve the PEACE of the CONFEDERACY, whether they relate to the intercourse between the United States and foreign nations or to that between the states themselves; 5th to all those of which originate on the high seas, and are of admiralty or maritime jurisdictions; and lastly to all those in which the state tribunals cannot be supposed to be impartial and unbiased. *Federalists No. 80*, at 475 (*Alexander Hamilton*) (Clinton Rossiter Ed. 1961).

remaining legal issues in this case are concerning state-law. The interest of comity and federalism are better served when federal courts avoid unnecessary determinations of state-law.

IV.

**Plaintiff Has Not Engaged in Forum Manipulation, But Rather Has Exercised a Legitimate Attempt to Try His State-Law Claims in the Forum of His Choice[3]**

In *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 340 (5th Cir. 1999), the Fifth Circuit noted in a similar vein where a plaintiff amended certain causes of action to avoid preemption and then moved for remand, that this was not forum manipulation. In the *Giles* case, NYLCare contended that, irrespective of whether ERISA preempts the causes of action, the district court abused its discretion when it remanded, because Giles had allegedly engaged in forum manipulation. The Fifth Circuit disagreed. The Fifth Circuit noted that in the *Burkes v. Amerada Hess Corp.* case, 8 F.3d 301, 304 (5th Cir. 1993), it rebuked the plaintiff for forum manipulation, observing that Burkes "ha[d] tried and failed to delete all of the federal claims from his complaint in order to get the district court to remand. In *Carnegie-Mellon*, 484 U.S. at 350, 108 S.Ct. at 614, the Supreme Court urged lower federal courts to guard against such manipulations by denying motions to remand where appropriate." *Burkes*, 8 F.3d at 306.

In the *Giles* case, the Fifth Circuit noted that Giles appears to have attempted a similar feat. She simultaneously moved to amend to delete her completely preempted federal claims and moved for remand. Her obvious objective was to change the forum by

---

[3] With regard to Defendants' assertion that forum manipulation has taken place, Plaintiff vehemently denies any such conduct. If any such forum manipulation has occurred, it has occurred at the hands of the Defendants. Plaintiff is not litigating any federal questions, and the Defendants insist that this federal court must decide this state law case.

getting back into state court. The Fifth Circuit did not characterize this as forum manipulation, but rather as a legitimate attempt to try her state-law claims in the forum of her choice. *Giles*, 172 F.3d at 340. She did not move to eliminate valid causes of action simply to defeat federal jurisdiction, but only deleted causes of action that ERISA completely preempted anyway. If she had not moved to amend, the district court likely would have dismissed the preempted cause of action eventually, at which time she could have moved to remand without being guilty of forum manipulation. As such, in *Giles*, the district court concluded that remand was appropriate and the Fifth Circuit examining the appropriate factors affirmed the remand. *Id*.

Additionally, in *Hernandez v. Central Power & Light*, 880 F.Supp. 494 (S.D. TX 1994), U.S. District Judge Kazen sitting for the Laredo Division analyzed a case which is strikingly similar to the one before this Court. In the *Hernandez* decision, the court recognized that the existence of its removal jurisdiction must be determined at the time of removal and that any subsequent dismissal of claims, whether voluntary or involuntary, does not strip the court of jurisdiction. The Court further recognized, however, that once the federal claims are removed from the case, it has discretion to remand to state court. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed 2d 720 (1988). In the *Hernandez* case, the plaintiff amended his petition to assert that he refused to commit an illegal act, namely he refused to file a claim for long term disability benefits when he was ready, willing and able to perform light duties. Shortly thereafter, the defendant removed asserting that the new claim was related to a disability insurance benefit plan maintained by it and therefore, the case was preempted under ERISA.

-10-

Plaintiff Hernandez then proposed to delete the newly added claim, restoring the case to its original posture (i.e. a claim of retaliation under the Texas Workers' Compensation Act). The defendant opposed the amendment stating that plaintiff was attempting to "manipulate the forum." Judge Kazen noted that any alleged forum manipulation was minimal. He further noted that this was not a case originally filed in federal court by the plaintiff, nor is it a case where plaintiff filed an *overt* federal claim in state court. Instead, the plaintiff added a claim that was couched in state-law terms, but which was removed to federal court on the proposition that regardless of the wording of the pleadings, the claim was preempted as a matter of law under ERISA.

Under these circumstances which are similar to the case at bar, Judge Kazen noted that the record indicates that the plaintiff never wanted to be in federal court and never expressly attempted to assert a federal claim. The fact that the plaintiff is willing to sacrifice the new claim to get back to state court cannot so easily be labeled "forum manipulation" under these circumstances. *Hernandez*, 880 F.Supp. at 496. Judge Kazen noted that since the new claim was dismissed, the remaining claim was one arising out of the Texas Workers' Compensation Act. By enacting 28 U.S.C. §1445(c), Congress has expressed a strong policy that cases arising out of workers' compensation law should not be removed to federal court. *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1091 (5th Cir. 1991).

As such, the Court in *Hernandez*, in the exercise of its judicial discretion after balancing all factors, granted the plaintiff's motion to remand the case to state court for trial of the plaintiff's claim under Article 8307c (now §451) of the Texas Workers' Compensation Act.

As this Court is aware, Plaintiff originally filed his lawsuit in County Court at Law No. 3 of Cameron County, Texas. Additionally, the Plaintiff's Original Petition and the subsequent amended Complaints specifically state that no federal causes of action were being alleged. As such, Plaintiff did not overtly file a federal claim in state court. Applying the *Carnegie-Mellon* factors, this case should be remanded to County Court at Law No. 3 of Cameron County, Texas.

While Defendants contend that Plaintiff has made Title VII-type claims, the unvarnished truth of the matter is Plaintiff has asserted certain claims under the Texas Commission on Human Rights Act. While these claims are similar to Title VII claims, the procedure regarding exhaustion of administrative remedies and other matters is quite different. For example, in *Vielma v. Eureka Co.*, 218 F.3d 458 (5th Cir. 2000), the Fifth Circuit stated that the receipt of a TCHR Notice of Right to File a Civil Action and the EEOC Right to Sue Letter are not interchangeable. In fact, the Fifth Circuit stated that Texas and federal right to sue letters are no more interchangeable than state and federal "right to sue letters" are interchangeable anywhere else. While Earthgrains states that Title VII-type cases are not "foreign" to our federal courts, Earthgrains and its counsel would likely concede that TCHR state-law claims are not normally "domestic" issues relegated to federal courts.

**WHEREFORE**, Plaintiff Jose O. Herrera prays that the Court grant his Motion for Discretionary Remand, that this Court remand this cause to County Court at Law No. 3 of Cameron County, Texas, and that Plaintiff be awarded all other relief to which he may be justly entitled to receive.

Signed May 24, 2001.

Respectfully submitted,

THE GARCIA LAW FIRM, P.C.
201 North First Street
Harlingen, Texas 78550
Telephone: (956) 412-7055
Facsimile: (956) 412-7105

By: _____
Carlos E. Hernandez, Jr.
State Bar No. 00787681
Federal Bar No. 17022

Attorney-in-Charge for
Plaintiff Jose O. Herrera

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, Plaintiff's Reply to Defendant Earthgrains Baking Companies, Inc.'s Response to Plaintiff's Motion for Discretionary Remand, has been served on all counsel of record, to wit:

*Via Facsimile (361) 888-8504*
*and First Class Mail*
Mr. Keith B. Sieczkowski
Matthews and Branscomb
802 North Carancahua, Ste. 1900
Corpus Christi, TX 78470

by depositing same in the care and custody of the United States Postal Service, by regular mail, unless otherwise specifically specified herein, on May 24, 2001.

_____
Carlos E. Hernandez, Jr.