20

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

HECTOR AND ROSEMARY § 
MARTINEZ, as HEIRS, §
BENEFICIARIES OF HECTOR §
JULIAN MARTINEZ, JR. DECEASED §
and OF ORLANDO MARTINEZ, §
DECEASED, and CELINA §
ELIZONDO, as HEIR BENEFICIARY §
OF ALBERT R. PONCE, DECEASED §
§
PLAINTIFFS §
§
VS. § C. A. NO. B-01-004
§
FROST NATIONAL BANK, §
TRUSTEE FOR THE JOSE ALFREDO §
JIMENEZ TRUST, and JOSE ALFREDO §
JIMENEZ, INDIVIDUALLY §
§
DEFENDANTS §

United States District Court
Southern District of Texas
FILED

JUL 1 6 2001

Michael N. Milby
Clerk of Court

# MOTION TO APPROVE SETTLEMENT
# (UNOPPOSED)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Plaintiffs-HECTOR and ROSEMARY MARTINEZ, as HEIRS, BENEFICIARIES OF HECTOR JULIA MARTINEZ, JR. DECEASED and of ORLANDO MARTINEZ, DECEASED, and CELINA ELIZONDO, as HEIR BENEFICIARY OF ALBERT R. PONCE, DECEASED, and FROST NATIONAL BANK TRUSTEE for THE JOSE ALFREDO JIMENEZ TRUST and JOSE ALFREDO JIMENEZ, INDIVIDUALLY in the above

entitled cause and moves this Court for an order approving settlement, and in support thereof the parties would show the Court the following:

I.

## TERMS OF SETTLEMENT

1.1   This Court has continuing jurisdiction over the Jose Alfredo Jimenez Trust.

1.2   Pursuant to the terms of the settlement between all parties to this cause and pursuant to Texas Property Code § 142.005(d) and § 142.006, the Plaintiffs' and the Defendants' move the Court for an order approving settlement and distribution of funds on the following terms;

    a.   Frost National Bank, as Trustee for the Jose Alfredo Jimenez Trust shall be paid the total dollar amount of $ 1,500.00 as payment to the Trustee for its administrative expenses and attorney fees.

Attached as Exhibit "A" is the affidavit of Sharon Pittman in support of those fees and expenses.

    b.   Jose Alfredo Jimenez, beneficiary of the Jose Alfredo Jimenez Trust, shall be paid by the Trustee the total sum of Thirty Six Hundred Dollars ($3,600.00). This lump sum shall be paid by Frost National Bank, Trustee to the Jose Alfredo Jimenez commissary account currently established by the Texas Department of Corrections.

    c.   The Court is requested to amend the spendthrift provision contained in the Jose Alfredo Jimenez Trust to delete that spendthrift provision in its entirety only as to the Plaintiffs-HECTOR and ROSEMARY MARTINEZ, as HEIRS, BENEFICIARIES OF HECTOR JULIA MARTINEZ, JR. DECEASED and of ORLANDO MARTINEZ, DECEASED, and CELINA ELIZONDO, as HEIR BENEFICIARY OF ALBERT R. PONCE, DECEASED.

  d. "Frost National Bank, Trustee of the Alfredo Jimenez Trust, shall retain the sum of $5,000.00 as the estimated federal income tax liability of the Beneficiary attributable to the earnings of the Trust for the tax years 2000 and 2001. This sum shall be maintained until the earlier of (a) the termination of this Trust on the Beneficiary's twenty-fifth birthday of (b) further order of this Court. In the event an Internal Revenue Service lien or levy is asserted in relation to these proceeds, Trustee is ordered to notify Plaintiffs by and through their attorney of record of the Internal Revenue Service claim. Plaintiffs can then seek such relief as they feel appropriate asserting their claim of a priority over the Internal Revenue Services. In this regard, Frost National Bank, Trustee of the Jose Alfredo Jimenez Trust shall merely be an innocent stake holder of those funds. The terms of the Trust are further hereby amended in the following manner. Frost National Bank, Trustee of the Jose Alfredo Jimenez Trust shall transfer the $5000.00 retained in the Trust to stand-by trust status until the lump sum annuity payment is received and/or further order of this Court in conjunction with a claim by the Internal Revenue Service. After payment of the Trustees expenses, attorney fees, $3600.00 to Beneficiary, and transfer of the $5,000.00 estimated tax liability to stand-by trust status, Frost National Bank, Trustee of the Jose Alfredo Jimenez Trust shall pay to the Plaintiffs by and through their attorney of records the remaining funds in the Trust."

  e. "Upon receipt of the remaining $60,000.00 annuity payment to the Trust Frost National Bank, Trustee shall immediately pay the $60,000.00 to Plaintiffs by and through their attorney of record as a partial credit upon the judgment. In the event there has been no prior disposition of the $5,000.00 set aside by Trust status pursuant to paragraph 1.2 (d) above, that sum shall be paid to the Plaintiffs as a partial credit on the judgment. The Trust will then terminate.

**MOTION TO APPROVE SETTLEMENT**
**(UNOPPOSED)**
PAGE 3

f.  In all respect, all payments provided for in this Order to be paid to "the Plaintiff's" shall be paid by Frost National Bank, Trustee of the Jose Alfredo Jimenez Trust in the following manner. Payment shall be made to "Law Office of J. Mitchell Clark, Trustee", Mr. Clark shall receive all funds as attorney and Trustee for the Plaintiff's in this lawsuit. He shall then disburse the funds in accordance with the agreement among the Plaintiff's and their legal counsel. However, upon Frost National Bank making any payment provided under this Order as in the manner described above, Frost National Bank in its individual capacity and Trustee for the Jose Alfredo Jimenez Trust is fully and completely released from any further responsibility and liability with respect to the payment(s).

## II.

## UNOPPOSED REQUEST

2.1  This motion is an unopposed request for the Court to approve a settlement agreement reached between all of the parties to this cause.

2.2  As indicated by their signatures below, the Plaintiffs' and Frost National Bank Trustee, by and through their attorneys of record, are in agreement to the terms of the settlement as well as this motion.

2.3  Attached as Exhibit B, is the correspondence signed by Jose Alfredo Jimenez approving the terms of the settlement agreement.

# III.

# PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that this Honorable Court grant this motion in its entirety, enter an order pursuant to the requests contained above and for such other and further relief, legal or equitable, general or special, to which the parties may show themselves justly entitled to receive.

Respectfully submitted,

**LAW OFFICES OF J. MITCHELL CLARK**
Frost Bank Plaza
802 N. Carancahua, Suite 1650
Corpus Christi, Texas 78470
Tel: (361) 887-8500
Fax: (361) 882-4500

By: _____
J. MITCHELL CLARK
State Bar No. 04283900
Admission No. 11427


ATTORNEY FOR PLAINTIFFS
**MATTHEWS and BRANSCOMB**
802 N. Carancahua, Suite 1900
Corpus Christi, Texas 78470
Tel: 361/888-9261
Fax: 361/888-8504

By: _____
James H. Robichaux
State Bar No. 17083000
Admission No. 2203

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I, J. Mitchell Clark, hereby certify that the above and foregoing was forwarded in the manner indicated to the persons listed below on this the 12th day of July, 2001:

**VIA HAND DELIVERY**
James H. Robichaux
Matthews & Branscomb
802 N. Carancahua, Suite 1900
Corpus Christi, Texas 78470

**VIA CMRRR: 7099 3220 0004 2564 2553**
Jose Alfredo Jimenez
TDCJ #785233
Robertson Unit
Texas Department of Criminal Justice
12071 FM 3522
Abilene, Texas 79601

J. Mitchell Clark

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HECTOR AND ROSEMARY MARTINEZ, as Heirs, Beneficiaries of Hector Julian Martinez, Jr., Deceased and Of Orlando Martinez, Deceased, and CELINA ELIZONDO, as Heir Beneficiary of Albert R. Ponce, Deceased, <br>   Plaintiffs <br><br> vs. <br><br> FROST NATIONAL BANK, TRUSTEE FOR THE JOSE ALFREDO JIMENEZ TRUST, and JOSE ALFREDO JIMENEZ, Individually, <br>   Defendants | § § § § § § § § § § § § § § § § | C.a. No. **B-01-004** |

## AFFIDAVIT OF SHARON PITTMAN

STATE OF TEXAS         §

COUNTY OF NUECES   §

BEFORE ME, the undersigned authority on this day personally appeared Sharon Pittman, who being by me duly sworn upon her oath deposed and stated as follows:

"My name is Sharon Pittman. I am a Trust officer with Frost National Bank (Frost). I have primary responsibility as a representative of Frost in its capacity as Trustee of the Jose Alfredo Jimenez Trust (Trust). I have been the Frost trust officer involved with this matter in relation to the claims that have been asserted in this litigation against Frost as Trustee for the Trust.

"As of the date of this affidavit, there is currently a balance of $109,873.66 in the Trust. There is currently the sum of $1,500.00 in existing and anticipated unpaid administrative expenses (including attorney's fees) that need to be paid to the Trustee.

C0047033.WPD:2

-1-



The Beneficiary's estimated federal income tax liability for tax years 2000 and 2001 is believed to be the sum of approximately of $5,000.00.

"On November 27, 2002 the Trust anticipates receiving $60,000.00 as the final payment due to the Trust as part of the original settlement in this action. In order to keep the Trust "alive" after paying out proceeds to Plaintiffs, funds to the Beneficiary and reimbursement of administrative expenses and attorney's fees, the Trust must retain a minimum sum and transfer the sum to a stand-by trust status pending receipt of the final scheduled payment. The best approach would be to transfer the $5,000.00 estimated federal income tax liability to that stand-by trust status.

"After taking into account all existing and anticipated administrative fees (including attorney's fees) and expenses to the Trust, the $3,600.00 payment to the Beneficiary, and the $5,000.00 for estimated federal income tax liability, which will be payable to the Beneficiary under the terms of the proposed settlement agreement, there remains a balance of $99,773.66 currently held in trust for the Beneficiary which could be paid to the Plaintiffs in the above-referenced action. The $5,000.00 sum would be transferred to a stand-by trust status until receipt of the final annuity payment on November 27, 2002, or until further order of the Court.

Further, the affiant sayeth not.

*Sharon Pittman*
Sharon Pittman

-3-

SWORN AND SUBSCRIBED TO BEFORE ME, which witness my hand and seal of office, by the said Sharon Pittman on the ⧸⧸ day of July, 2001.

(Seal)



*Pamela Mote*
Notary Public, State of TEXAS
Printed/Typed Name: Pamela Mote
My Commission Expires: 9/8/03

C0047033.WPD:2                                    -3-

May 15, 2001

Mr. Jim Robichaux; Attorney
802 North Carancahua Suite 1900
Corpus Christi, TX 78470

    Re: Response to letter dated May 11, 2001, in regards to C.A.-
       No. B-01-004; Pending in the U.S. District Court, Brownsville
       Division...

Dear Mr. Robichaux:

    I received your letter today and here I give you answer.. First, let me say that I appreciate your observations and hope that this issue at hand can be resolved as quickly as possible.
    You'll have to bear with me, as I do not know too much of the way things are done in cival law and did not understand all of what you were saying. As for me being able to dispute the validity of my criminal conviction, that is to be seen, cause there are many issues that can be brought up in my case. I will not get into those issues, cause the issue at hand is the suit against my trust. As to me filing a motion to oppose the motion that will be filed by the plaintiffs, I don't have the slightest idea of what can be put into one that would be of any help. So as you can see, there is nothing I can file or do that will stop the court's final decision...
    The alternative you mentioned about some kind of settlement did have me thinking though. I am well aware that when I turn 25, the money will be turned over to the plaintiffs anyway and would like to see if there is any possibility that I can at least keep my monthly allowance of $200. I would be willing to not oppose the amendment of the Trust or any decesion the court should make. All I want is to get this over with as quickly as possible, so I can do my time in peace and not have to worry about this suit until I am released and have to make arrangements for the amount left. The plaintiffs can file anything they want and I will not oppose it, as long as they leave me with my monthly allowance of $200. The amount of the allowance can be discussed if they do not aggree to that amount. The reason I ask to be able to continue this allowance is that I do not get any help from my family in the world and this allowance has been my only form of support in here for the past year. I hope something can be worked out. This seems to be the best course of action to take in this case and hopefully bring closure to all involved. I know everyone has other things to take care of in life and would like to have this suit come to an end as soos as possible.
    Well Mr Robichaux, this will be all and I hope things will move along faster now that I've said my piece. I look foward to hearing from you and see what happens with this suit. Once again, thanks for your observations. Have a good day...

                                              Respectfully,

                                              Jose Jimenez

cc: Jose Jimenez file...



RECEIVED
MAY 18 2001