21

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MAY 3 0 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE O. HERRERA, | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-00-179 |
| | § | |
| THE EARTHGRAINS COMPANY, | § | |
| and EARTHGRAINS BAKING | § | |
| COMPANIES, INC. | § | |
| Defendants | § | |

## SUPPLEMENT TO
## DEFENDANT EARTHGRAINS BAKING COMPANIES, INC.'S
## RESPONSE TO PLAINTIFF'S MOTION
## FOR DISCRETIONARY REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Earthgrains Baking Companies, Inc. (herein "Earthgrains"), incorrectly referred to as "The Earthgrains Company" files this supplement to its response to Plaintiff's Motion for Discretionary Remand on file herein and respectfully shows the Court as follows:

### RECENT DEVELOPMENTS AND CONSEQUENCES

Since the time that Defendant filed its Response to Plaintiff's Motion for Discretionary Remand, Plaintiff has filed additional pleadings with this Court. On about May 16, 2001, Plaintiff filed his Second Amended Complaint. That Complaint purports to add an additional Defendant, Earthgrains Baking Companies, Inc. and also an additional cause of action alleging age discrimination. *Pl. Second Amend. Complaint ¶¶ 4.4 and 5.9 (also style of case).*

A.  **Plaintiff's addition of claims reaffirms this Court's jurisdiction.**

Through his pleadings, Plaintiff has now sought affirmative relief specifically from this Court. Plaintiff filed an original pleading with a Federal Court to recover on a claim of age

C0046322.WPD:

discrimination. Even assuming arguendo, that remand was appropriate prior to such amendment and as argued by Plaintiff in his Motion for Discretionary Remand, remand is inappropriate now.[1] Addition of a claim asserting a cause of action that can be originally brought in federal court by amendment after removal will cure any potential jurisdictional issue that may have existed in the removal. *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 702-03 (1972); *Vector Research, Inc. v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, fn. 3 (6th Cir. 1996); *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995); *Cades v. H & R Block, Inc.*, 43 F.3d 869, 873 (4th Cir. 1994); *Brough v. Unites Steelworkers of America, AFL-CIO*, 437 F.2d 748, 750 (1st Cir. 1971).

In this instance, Plaintiff has brought a new claim and purportedly a new party. Such amendment subjects him to this Court's jurisdiction, even if he was not so subjected before.

**B.     Plaintiff's addition of claims is further example of his attempt to manipulate the forum.**

Plaintiff's amendment also impacts analysis of the *Cohill* factors as discussed in Defendant's Response to Plaintiff's Motion for Discretionary Remand. Most importantly, Plaintiff's act of seeking affirmative relief runs contrary to one of his arguments favoring remand. Previously, Plaintiff asserted that he was not trying to manipulate the forum, because he always wanted to be in state court. Plaintiff's asserted interest of returning to state court runs afoul of his action of affirmatively seeking relief from this court.

While this is not the prototypical case of forum manipulation, remand is improper based on Plaintiff's beckoning the federal court with one hand and state court with the other. Most often forum manipulation is analyzed from the perspective of a plaintiff attempting to avoid federal court by deleting federal claims. *See e.g. Carnegie-Mellon v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614,

---

[1] Defendant does not concede that remand was appropriate prior to amendment. Defendant continues to assert that this Court has jurisdiction over this suit and is best suited to resolve it.

622 (1988). This is a unique case in that Plaintiff attempts to avoid federal court, but has added federal claims, i.e. claims that could have been first raised in federal court.[2]

Based on his recently amended complaint, Plaintiff is left with a Hobson's choice, admit that remand is inappropriate or admit that he has attempted to wrongly afford himself to relief from this court. *Cf. Hamburger v. Mobil Oil Corp.*, 1996 WL 180060, *1 (E.D. La. 1996) (effort to dismiss federal claim only after removal was either forum manipulation or failure to exercise due diligence). Accordingly, remand is inappropriate, and Defendant requests that this court retain jurisdiction over the current case.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff's Motion for Discretionary Remand be denied and that Defendant be awarded all other relief to which it may be entitled.

Respectfully submitted,

MATTHEWS & BRANSCOMB
A Professional Corporation
802 N. Carancahua, Suite 1900
Corpus Christi, Texas 78470-0700
Telephone: (361) 888-9261
Facsimile: (361) 888-8504

By _____
Keith B. Sieczkowski
TSB No. 18341650
Fed. I.D. No. 17118

ATTORNEYS FOR DEFENDANT
EARTHGRAINS BAKING COMPANIES, INC.

---

[2] Additionally, Plaintiff's actions are that much more manipulative due to the fact that he could have included his claim of age discrimination in his original petition or in a more timely amendment. Such timely assertion or amendment could have benefitted his argument for remand, but now, he only appears to be seeking additional relief from this court.

C0046322.WPD:                                      -3-

-4-

## CERTIFICATE OF SERVICE

     I do hereby certify that a true and correct copy of the above and foregoing has been served by United States Certified Mail, Return Receipt Requested on the following counsel in charge on this 29th day of May, 2001.

| | |
|---|---|
| Carlos E. Hernandez, Jr. | **C. M. No. 7000 0520 0022 1038 8471** |
| The Garcia Law Firm, P.C. | **RETURN RECEIPT REQUESTED** |
| 201 North First Street | |
| Harlingen, Texas 78550 | |

                                                    Keith B. Sieczkowski