29

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 1 2 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Jose O. Herrera, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-179 |
| | § | |
| The Earthgrains Company, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Before the Court are Plaintiff's Motion for Discretionary Remand [Dkt. No. 14], Defendant's Response to Plaintiff's Motion [Dkt. No.15], Plaintiff's Reply [Dkt. No. 19], and Defendant's Supplement to its Response [Dkt. No. 21]. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion for Discretionary Remand.

I.   **Factual Background**

Plaintiff Jose O. Herrera was employed by Defendant corporation for several years before suffering a back injury during the scope of his employment [Dkt. No. 1, Tab (A) at 2]. He was able to return to work and thereafter filed a Worker's Compensation claim [Id. at 3]. At some point following the filing of this claim, Defendant terminated Plaintiff's employment [Id. at 3].

Plaintiff brought suit in the County Court at Law, Number 3, Cameron County, Texas, alleging retaliatory discharge under § 451.001 of the Texas Labor Code, violations of the Texas Commission on Human Rights Act ("TCHRA"), and intentional infliction of emotional distress [Id. at 3-7]. Defendant then filed Notice of Removal in this Court under 28 U.S.C. § 1331, federal question jurisdiction [Dkt. No. 1]. Defendant based removal on federal preemption under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Specifically, Defendant stated that Plaintiff was a party to a

collective bargaining agreement ("CBA") in effect between Plaintiff and the union.[1] The CBA governed the terms of employment, discipline and discharge. Therefore, Defendant claimed that because Plaintiff was discharged under the terms of the CBA, his claim of intentional infliction of emotional distress was preempted under the Labor Management Relations Act.[2]

Following removal, Plaintiff filed his First Amended Original Complaint [Dkt. No. 10]. In the amended complaint, Plaintiff clarified the retaliatory discharge and TCHRA claims and deleted the intentional infliction of emotional distress claim. By deleting the intentional infliction of emotional distress claim, Plaintiff eliminated the federal question on which removal had been based.

Plaintiff now seeks discretionary remand to state court under 28 U.S.C. § 1447(c) and 28 U.S.C. § 1367(c), claiming that, as amended, his Complaint no longer contains a cause of action preempted by federal law and that pendant state law claims should be remanded [Dkt. No. 14]. Defendant opposes remand, arguing primarily that remand is not appropriate under the five-factor test set forth in <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 and 357 (1998) [Dkt. No. 15]. Defendant also claims that because Plaintiff in his Second Amended Complaint [Dkt. No. 16] added an additional cause of action remand is no longer appropriate.[3] The Court will consider each of these arguments in turn.

---

[1] The parties do not identify the union in the pleadings.

[2] Section 301 of the Labor Management Relations Act provides for federal preemption in "suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . .." The intent of this statute is to "fashion a uniform body of law regarding collective bargaining agreements and other labor contracts." <u>Trevino v. Ramos</u>, 197 F.3d 777, 779 (5th Cir. 1999). Claims for intentional infliction of emotional distress are preempted by federal law under § 301 of the Act. See <u>Burgos v. Southwestern Bell Telephone Co.</u>, 20 F.3d 633, 635-37 (5th Cir. 1994); <u>Brown v. Southwestern Bell Tel. Co.</u>, 901 F.2d 1250, 1255 (5th Cir.1990).

[3] The Court will not address Defendant's claim that Plaintiff has added an additional party, the "Earthgrains Baking Companies, Inc.," as there is no dispute that Defendant, whether identified as the "Earthgrains Company" or as the "Earthgrains Baking Companies, Inc.," is, in fact, the proper party to this action.

## II. Remand Standard

Remand after removal is controlled by 28 U.S.C. § 1447(c) which provides, in part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The statutory provisions governing supplemental jurisdiction and the discretionary power to remand are governed by 28 U.S.C. § 1367(c).[4] The Court is also guided by the United States Supreme Court's articulation of the scope of the district court's discretion in exercising jurisdiction over state law claims. See Cohill, 484 U.S. 343; United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

In Cohill, the Supreme Court set forth five factors to be balanced by the district courts to determine if remand is appropriate for cases that no longer have federal issues remaining. These factors are forum manipulation, judicial economy, convenience, fairness and comity. Cohill, 484 U.S. at 350. The Court went on to state that, "[w]hen the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Id. (citation omitted).

## III. Discussion

A plaintiff cannot defeat federal jurisdiction by amending a complaint to eliminate the federal claim on which removal is based. Henry v. Independent American Savings Ass'n, 857 F.2d 995, 998 (5th Cir. 1988). Here, the intentional infliction of emotional

---

[4]   28 U.S.C. §1367(c) provides that the district court may decline to exercise jurisdiction over a claim under sub-section (a) if:
(1)   the claim raises a novel or complex issue of State law,
(2)   the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3)   the district court has dismissed all claims over which it has original jurisdiction, or
(4)   in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

distress claim provided the Court with subject matter jurisdiction on removal. However, the Court may, at its discretion, remand when all claims giving rise to federal jurisdiction are dismissed or otherwise eliminated before trial. Cohill, 484 U.S. at 350. In the present case, the Court has permitted Plaintiff to amend his complaint to delete the federally preempted intentional infliction of emotional distress claim. As this claim was the basis for removal under federal question jurisdiction and the only remaining claims are state law claims, remand appears proper under 28 U.S.C. §1367(c)(2) and (3). The Court next turns to the five factors articulated in Cohill to determine whether remand is appropriate.

1.  Forum Manipulation

Defendant claims that Plaintiff is engaging in forum manipulation by eliminating the claim on which removal jurisdiction is based and that Plaintiff should not be allowed to seek discretionary remand when he could have sought remand on procedural grounds within thirty days of the removal [Dkt. No. 15 at pp 5-6]. Such action does not, by itself, suggest impermissible forum manipulation. See Cohill, 484 U.S. at 352; Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 340 (5th Cir. 1999). This is particularly true in the instant case where the case arises out of worker's compensation laws. Congress specifically attempted to prevent state worker's compensation cases from being removed to federal court when it enacted 28 U.S.C. § 1445(c).[5] Reflected in this law was Congress's policy that "where the state court has been utilized by one of the parties in the state compensation machinery, the case should remain in state court for its ultimate disposition." Kay v. Home Indemnity Co., 337 F.2d 898, 902 (5th Cir. 1964); see also Trevino v. Ramos, 197 F.3d 777, 781 (5th Cir. 1999); Jones v. Roadway Express, Inc., 931 F.2d 1086 (5th Cir. 1991) reh'g denied 931 F.2d 789 (5th Cir. 1991).

---

[5]   28 U.S.C. § 1445(c) states that "(c) A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

Here, by amending the complaint to delete the intentional infliction of emotional distress claim, Plaintiff is seeking to litigate this worker's compensation case in state court. As the Fifth Circuit has noted, "[g]iven the discretion vested to the court to remand pendent state-law claims to state court, we believe that the intent of Congress – that whenever feasible, state worker's compensation claims be resolved in state court – favors remand to state court. <u>Jones</u>, 931 F.2d at 792. The Court therefore finds that Plaintiff's deletion of the intentional infliction of emotional distress claim was not forum manipulation.

2.  <u>Judicial Economy</u>

Judicial economy also favors remand to state court. In <u>Cohill</u>, the Supreme Court recognized that when the only claim involving a federal question is eliminated at an "early stage" of the litigation, the district court has "a powerful reason to choose not to exercise jurisdiction." 484 U.S. at 351. Here, the federally preempted claim was eliminated at an early stage of the proceeding and there has been minimal other activity in this case. Since removal in November of 2000, the parties have held one hearing before the Court, engaged in initial discovery, submitted pleadings regarding remand and have done little else. Judicial economy therefore favors remand.

3.  <u>Convenience</u>

Remand of the case would not cause undue inconvenience to the litigants. The primary pretrial activity the parties have conducted so far, excluding the pleadings regarding remand, has been initial discovery. The discovery that has already occurred could be used by the parties in a state court proceeding. <u>See</u> <u>Waste Sys. v. Clean Land Air Water Corp.</u>, 683 F.2d 927, 931 (5th Cir. 1982). Furthermore, the remaining claims are state worker's compensation claims, which, as the Court has previously stated are

better litigated in state court. See Jones, 931 F.2d at 792. The convenience factor therefore also weighs in favor of remand.

4.  Fairness

A consideration of the fairness factor also weighs in favor of remand. Defendant states that there would be no unfairness to Plaintiff to litigate his claims in federal Court. Plaintiff suggests that there would be no unfairness to Defendant to litigate this action in state court. The Court agrees. Plaintiff, as master of his case, brought this suit in state court alleging worker's compensation claims. Defendant was able to remove based on the federally preempted claim, but that claim has since been deleted. The only remaining claims are state law claims. The Court finds no unfairness in requiring the parties to litigate this claim in state court. See Kay, 337 F.2d at 902; Trevino, 197 F.3d at 781; Jones, 931 F.2d at 792

5.  Comity

All that remains to be litigated in this case are state worker's compensation claims. As previously discussed, Congress has expressed a preference for litigating these claims in state court when appropriate. See Jones, 931 F.2d at 792. Here, state court is the superior forum for this suit and the principle of comity suggests that remand is appropriate.

IV.  **Additional Cause of Action**

The Court will briefly address the remaining argument asserted by Defendant in its Supplement to its Response [Dkt. No. 21], that remand is inappropriate because Plaintiff added an additional claim in its Second Amended Complaint. Defendant states that because Plaintiff amended his complaint to claim discrimination because of his age, as well as his disability, any jurisdictional problem for removal is cured. This

argument fails as the Court is persuaded that subject matter jurisdiction existed at the time of removal, but the Court is now considering whether this case is appropriate for the use of discretionary remand.

## V.   Conclusion

Because Plaintiff filed an amended pleading deleting the federally preempted intentional infliction of emotional distress claim, discretionary remand to state court under 28 U.S.C. § 1367(c)(3) is now proper.  The factors articulated in Cohill -- forum manipulation, judicial economy, convenience, fairness and comity -- all weigh in favor of discretionary remand.  Further, remand is favored under 28 U.S.C. § 1445(c), which expresses Congress's preference for keeping state worker's compensation cases in state courts.  See Kay, 337 F.2d at 902; Trevino, 197 F.3d at 781; Jones, 931 F.2d at 792.

The Court therefore **GRANTS** Plaintiff's motion for Discretionary Remand.  This case will be remanded to the County Court at Law, Cameron County, Texas.  No hearing is required and all other motions before this Court are declared **MOOT**.

DONE at Brownsville, Texas, this 11th day of October 2001.

_____
Hilda G. Tagle
United States District Judge