COPY

United States District Court
Southern District of Texas
FILED

OCT 1 9 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE O. HERRERA | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-00-179 |
| | § | |
| THE EARTHGRAINS COMPANY | § | |

## DEFENDANT'S MOTION TO RECONSIDER

Defendant, The Earthgrains Company, files this Motion to Reconsider the Court's Remand Order and respectfully shows the following:

### I. NATURE OF MOTION

Defendant asks the Court to reconsider its Order remanding this case to state court. This case is best suited for the federal court because it involves issues under the Labor Management Relations Act (LMRA) and substantial progress has been made in this case in federal court.

### II. RELEVANT UNDISPUTED FACTS

On October 17, 2000, Plaintiff, Jose Herrera, filed an action in the County Court at Law Number 3 of Cameron County, Texas. In his petition, Plaintiff alleged three causes of action: wrongful discharge under the Texas Workers' Compensation Act, wrongful discharge under the Texas Commission on Human Rights Act, and intentional infliction of emotional distress based on his discharge. Defendant's workforce is unionized and Plaintiff was a bargaining unit employee covered by a collective bargaining agreement (CBA).

On November 21, 2000, Defendant filed a Notice of Removal, on the basis that the Plaintiff's claim of intentional infliction of emotional distress is preempted by Section 301 of the LMRA due to the Plaintiff's status as a bargaining unit employee and the claim was governed by the CBA.

Almost <u>five months after being removed</u> to federal court, Plaintiff filed his First Amended Complaint in which he dropped his claim for intentional infliction of emotional distress. Plaintiff subsequently filed a Motion for Discretionary Remand on April 23, 2001.

While this case has been pending in this Court, substantial progress toward trial of this case has occurred:

| Date | Event |
|---|---|
| 02/05/01 | Defendant's Initial Disclosures |
| 02/09/01 | Plaintiff's Initial Disclosures |
| 03/27/01 | Defendant's First Request for Production |
| 03/27/01 | Defendant's First Interrogatories to Plaintiff |
| 04/05/01 | Plaintiff's First Request for Admission to Defendant |
| 04/05/01 | Plaintiff's First Request for Production to Defendant |
| 04/05/01 | Plaintiff's First Interrogatories to Defendant |
| 05/02/01 | Defendant's Response to Plaintiff's Request for Admission |
| 05/16/01 | Plaintiff's Second Amended Complaint |
| 05/18/01 | Defendant's Response to Plaintiff's First Request for Production |
| 05/18/01 | Defendant's Answers to Plaintiff's First Set of Interrogatories |
| 05/22/01 | Plaintiff's Answers to Defendant's First Set of Interrogatories |
| 05/22/01 | Plaintiff's Responses to Defendant's First Requests for Production |
| 05/23/01 | Defendants Answer to Plaintiff's Second Amended Complaint |
| 08/02/01 | Deposition of Plaintiff |
| 08/15/01 | Plaintiff's Designation of Expert Witnesses |
| 09/13/01 | Defendant's First Amended Initial Disclosures |
| 09/13/01 | Defendant's Supplemental Initial Disclosures |

| | |
|---|---|
| 09/13/01 | Defendant's Supplemental Response to Plaintiff's First Request for Production |
| 09/20/01 | Defendant's Designation of Expert Witnesses |
| 09/21/01 | Defendant's Supplemental Answers to Plaintiff's First Set of Interrogatories |
| 09/21/01 | Defendant's Second Supplemental Initial Disclosures |
| 09/21/01 | Defendant's Second Supplemental Response to Plaintiff's First Request for Production |

On October 12, 2001, Defendant filed both a Motion for Summary Judgment and a Motion to Dismiss. On the same day, the Court entered its order granting the April 23, 2001 Motion to Remand.

Trial is scheduled in this Court for February 11, 2002.

### III. ARGUMENTS AND AUTHORITIES

As recognized by the Court in its Remand Order, in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), the United States Supreme Court set forth five factors to determine the appropriateness of remand when no federal issues remain. These factors are forum manipulation, judicial economy, convenience, fairness, and comity. *Id.* at 350.

While Defendant agrees these factors apply, the premise on which *Cohill* is based that remand occur at "an early stage" of the litigation is absent in this case. The remand order did not occur at an "early stage" of litigation. Further, it appears that the Court considered the *Cohill* factors in light of the status of this case six months ago and not in light of continuing developments.

Appellate courts review a lower court's discretionary remand of supplemental state law claims for abuse of discretion. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 339 (5th Cir. 1999); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326 (5th Cir. 1998); *see also, Engstrom v. First Nat. Bank of Eagle Lake*, 47 F.3d 1459, 1465 (5th Cir. 1995). An abuse of

discretion occurs when the court fails "to consider relevant factors or to apply the proper legal standard." *Stormy Clime Ltd. v. Progroup, Inc.*, 809 F.2d 971 (2nd Cir. 1987). *Cf. Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 528 (5th Cir. 2000)(abuse of discretion when the district court decides case on erroneous assessment of evidence); *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995).

In its Remand Order, the Court indicated that judicial economy favors remand of this case to state court because there has been "minimal other activity in this case." The Court is mistaken. As outlined above, discovery continued and <u>has been completed pursuant to the Court's scheduling order</u>, including requests for production, requests for admissions, interrogatories, disclosures, and depositions. Further, the parties have designated experts. Moreover, consistent with this Court's scheduling order, Defendant has filed its Motion for Summary Judgment and Motion to Dismiss, which, but for the remand would be ripe for negotiation of the whole case.

Thus, this case has been developed substantially by both parties since the filing of Plaintiff's Motion for Discretionary Remand. Indeed, other than filing a joint pretrial order and actually trying the case, <u>all prepatory matters have been conducted under the auspices of this Court</u>. Requiring a new court to start from scratch is not an effective use of judicial resources.

The Court also found that remand would not inconvenience the litigants. The Court appears to rely on the fact that the discovery already conducted could be used in state court to substantiate this factor. Although this is true, remand would delay the trial of this matter and increase the costs to both parties, particularly since dispositive motions have been filed. This case is set for February

11, 2002 in federal court. This matter could not be set for trial in state court this soon and would require the parties to educate a new judge as to the facts of this case.[1]

Further, the Court appears to base its remand decision on the erroneous assumption that only a state law workers' compensation claim remains. See Order at ¶5 ("All that remains to be litigated in this case are state worker's compensation claims."). This is incorrect. Rather, Plaintiff alleges claims of age and disability discrimination both of which <u>look to federal law for resolution</u>. *See, e.g., Caballero v. Central Power and Light Co.*, 858 S.W.2d 359, 361 (Tex. 1993); *Austin State Hosp. v. Kitchen*, 903 S.W.2d 83, 87 (Tex.App. – Austin 1995, no writ)("Because the [TCHRA] seeks to promote federal civil rights policy . . . this Court looks to analogous federal law when appropriate."); *Holt v. Lone Star Gas Co.*, 921 S.W.2d 301, 304 (Tex.App. – Fort Worth, no writ); *Eckerdt v. Frostex Foods, Inc.*, 802 S.W.2d 70, 72 (Tex.App. -- Austin 1990, no writ).

Moreover, as noted in Defendant's Motion to Dismiss, federal issues remain. The CBA between Plaintiff's union and Defendant clearly covers age discrimination and disability discrimination claims. Such matters are decided pursuant to the National Labor Relations Act, 29 U.S.C. §§141 et. seq.; *Vaca v. Sipes*, 87 S.Ct. 903, 913-914 (1967); *Safrit v. Cone Mills Corp.*, 248 F.3d 306 (4th Cir. 2001). Thus, the Court was in error when it decided to remand based on the erroneous belief that only state workers' compensation claim remain and failed to consider other bases for jurisdiction.

Similarly, remand to the state court at this stage of the litigation is not fair. Both Plaintiff and Defendant have vigorously pursued this case in federal court and incurred expenses while awaiting the Court's decision on Plaintiff's Motion for Discretionary Remand. Remand to state

---

[1] This Court became substantially knowledgeable of the factual basis for Plaintiff's claims through its detailed examination of counsel for both parties during the initial scheduling conference.

court will require the parties to incur more expense than necessary. For example, Defendant's Motion for Summary Judgment and Motion to Dismiss will have to be delayed and require educating a new court as to the facts of this case. Further, loss of its opportunity to dispose of this case and a further delay in trial is not equitable. Justice delayed is justice denied.

Finally, although there may be a preference for litigating workers' compensation cases in state court, it does not prohibit the federal court from hearing this case in light of all of the work that has been done by the parties and since there are no novel or unsettled issues to be resolved. *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996)(holding that causes of action that are not novel or did not involve unsettled issues of state law can be readily decided in federal court).

WHEREFORE, PREMISES CONSIDERED, Defendant requests that a hearing be set for Defendant's Motion to Reconsider and upon hearing, its motion be granted and this case be maintained in this court.

Respectfully submitted,

MATTHEWS & BRANSCOMB
A Professional Corporation
802 N. Carancahua, Suite 1900
Corpus Christi, Texas 78470-070
Telephone: (361) 888-9261
Facsimile: (361) 888-8504

By _____
Keith B. Sieczkowski
Attorney-In-Charge
State Bar No. 18341650
Southern District No. 17118
Jessica A. Neal
State Bar No. 24027685
Southern District No. 27680

ATTORNEYS FOR DEFENDANT
EARTHGRAINS BAKING COMPANIES, INC.

## CERTIFICATE OF SERVICE

    I do hereby certify that a true and correct copy of the foregoing Defendant's Motion to Reconsider has been served by United States Certified Mail, Return Receipt Requested on the following counsel in charge on this 18th day of October, 2001, in accordance with *Fed. R. Civ. P.*

Carlos E. Hernandez, Jr.  
Attorney-In-Charge  
The Garcia Law Firm, P.C.  
201 North First Street  
Harlingen, Texas 78550

**C. M. No. 7000 1670 0004 6031 5484**  
**RETURN RECEIPT REQUESTED**

_____  
Keith B. Sieczkowski

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE O. HERRERA | § § | |
| vs. | § § | CIVIL ACTION NO. B-00-179 |
| THE EARTHGRAINS COMPANY | § | |

## O R D E R

On this day came to be considered Defendant The Earthgrains Baking Companies, Inc.'s Motion to Reconsider. After considering the merits of the motion, the Court finds that Defendant's Motion should be and is GRANTED.

IT IS THEREFORE ORDERED that this Court's Remand Order is set aside pending reconsideration. All other relief not granted is hereby DENIED.

ORDERED this _____ day of _____, 2001.

_____
Judge Presiding

C0053977.WPD:44180-109